## HOLBROOK v. FAHEY ET AL.

1. **Practice: EQUITABLE ACTIONS: TRIAL.** Where either party elects to have the testimony taken in the form of depositions, under section 2742 of the Code, as amended by chapter 145, Laws of 1878, the appearance term cannot be the trial term for actions to foreclose mortgages and other actions embraced in the exception contained in section 2745 of the Code.

*Appeal from Howard Circuit Court.*

THURSDAY, JUNE 12.

THE plaintiff commenced an action in equity to foreclose a mortgage. At the first term of the court after the filing of the petition the defendant Michael Fahey appeared and filed an answer, in which he pleaded the defense of usury. Upon the filing of the answer the defendant stated orally in open court that he elected to take his evidence by deposition, and asked, as a matter of right, that the cause be continued that he might do so.

The plaintiff objected to the evidence being taken by deposition, and to the continuance of the cause for that purpose. The objection was overruled, and an order was made that the evidence on both sides be taken by deposition, and that the cause be continued. Plaintiff appeals.

Holbrook v. Fahey.

*H. T. Reed*, for appellant.

*H. T. McCarty*, for appellee.

ROTHROCK, J.—By chapter 145 of the Acts of the Seventeenth General Assembly, section 2742 of the Code was 1. PRACTICE: repealed, and the following enacted in lieu equitable actions: trial. thereof: "Section 2742. But in equitable actions wherein issue of fact is joined all the evidence offered in the trial shall be taken down in writing, or the court may order the evidence, or any part thereof, to be taken in the form of depositions; or either party, at his pleasure, may take his testimony, or any part thereof, by deposition. All the evidence so taken shall be certified by the judge, in term or vacation, be made a part of the record and go, on appeal, to the Supreme Court, which shall try the case anew."

Sections 2744 and 2745 are as follows: "2744. Except where otherwise provided cases shall be tried at the first term after legal and timely service has been made." "2745. The appearance term shall not be the trial term for equitable actions, except those brought for divorce, to foreclose mortgages, and other instruments of writing whereby a lien or charge on property is created, or to enforce mechanic's liens."

It is contended by counsel for appellant that, construing all these sections together, the order requiring the evidence to be taken by deposition was erroneous because the appearance term is the trial term in actions to foreclose mortgages. But it seems to us that the language of chapter 145 of the Acts of the Seventeenth General Assembly admits of no other construction than that given it by the court below. It applies to all equitable actions wherein issue of fact is joined, and provides that the court may order the evidence, or any part thereof, to be taken in the form of depositions. Section 2742, as originally enacted, contemplated that the evidence in actions for the foreclosure of mortgages, for divorce, etc., should not be reduced to writing, and that appeals therein

Holbrook v. Fahey.

should not be tried anew in this court. Sections 2744 and 2745 are in harmony with section 2742 as originally enacted in this respect, because if the evidence could not be required to be taken in writing there was no necessity for an appearance term as distingushed from the trial term in that class of equitable actions. But section 2742, so far as it forbids parties to foreclosure and other equitable actions claiming a trial upon written evidence, was held in *Sherwood v. Sherwood*, 44 Iowa, 192, to be unconstitutional and of no effect, because it denies the constitutional right of a trial anew of equitable actions upon appeal to this court. There was, then, a necessity for some provision securing to a party, in these classes of actions, the right to have all the evidence made of record. Chapter 145 of the Acts of the Seventeenth General Assembly meets the requirement. It applies to all equitable actions, and when an order is made to take the evidence in the form of depositions, it necessarily operates as a continuance of the cause. Thus far section 2742, as amended, is a qualification of section 2745. If in any of the cases designated in section 2745 the court, in its discretion, orders the evidence to be taken in the form of depositions, the appearance term cannot be the trial term; but if no such order be made, and the court orders all the evidence offered on the trial to be taken down in writing, there need be no continuance unless for cause, and the appearance term is the trial term for these classes of equitable actions. Repeals by implication are not favored, and we hold that sections 2744 and 2745 are not repealed by the enactment of chapter 145, Seventeenth General Assembly; but that, construing all the sections together, they must be qualified as above indicated. To hold otherwise would, it seems to us, be doing violence to the plain provisions of the amendatory statute.

AFFIRMED.