*J*

## LOMBARD v. THORP ET AL.

1. **Mortgage Foreclosure:** TRIAL TERM: CONTINUANCE TO TAKE DEPOSITIONS. Under § 2745 of the Code, actions for the foreclosure of mortgages are triable at the appearance term, unless the court orders the evidence, or a part of it, to be taken in the form of depositions, or one of the parties elects to take his evidence in that form, (Code, § 2742, as amended,) in which case the cause must be continued. (*Holbrook v. Fahy*, 51 Iowa, 406.) But a party cannot complain on appeal because the court refuses to order the evidence to be so taken, for that is a matter within its own discretion; but a party has a right to elect to have *his* evidence so taken, and, upon exercising such choice and making it known to the court, he may of right demand a continuance.

*Appeal from Monroe District Court.*

THURSDAY, DECEMBER 9.

ACTION on three promissory notes, and for the foreclosure of a mortgage given to secure the same. The notes and mortgage sued on were executed by the defendants T. S. Thorp and Amanda J. Thorp, and were given to James S. Lombard. Plaintiff alleges that he is the owner of said notes and mortgages; also that defendant Samuel Shaw claimed some interest in the mortgaged premises, but that his interest

was junior to said mortgage; and he prayed that the equity of redemption of each of the defendants in the premises be foreclosed. There was a judgment for plaintiff, and defendant Shaw appeals.

*H. L. Dashiell,* for appellant.

*D. H. Ettien,* for appellee.

REED, J.—Defendant Shaw alone answered. His answer put in issue the allegation of the petition that plaintiff was the owner of the notes and mortgage in suit. He also alleged that he was the owner of one-third of the mortgaged premises, and that he acquired title thereto by a conveyance from the defendant T. S. Thorp, who warranted the title, except as against one-third of the debt secured by the mortgage which plaintiff was seeking to foreclose, and he prayed that, if it should be found that plaintiff was entitled to a foreclosure of the mortgage, he be required by the judgment to exhaust the other two-thirds of the property before selling the portion belonging to defendant. Plaintiff filed a reply, in which he admitted the allegations of the answer as to the conditions on which defendant acquired title to the property; but alleged that the property was of such a nature that it could not be divided. The cause was called for trial, and submitted at the first term after defendant was served with the original notice. The record recites that, before the submission of the cause, counsel for defendant verbally moved the court to continue the trial of the cause on the issues of fact so joined, and that the evidence be taken by deposition; but the court denied this motion, and refused to continue the cause, or to order the evidence to be taken by deposition.

The only question in the case is as to the correctness of this ruling. Under section 2745 of the Code, actions for the foreclosure of mortgages are triable at the appearance term. But section 2742, as amended by chapter 145, Acts of the Seventeenth General Assembly, provides that, in equitable

actions wherein questions of fact are joined, the court may order the evidence, or any part of it, to be taken in the form of depositions, or either party, at his pleasure, may proceed to take his testimony by depositions. And we held in *Holbrook v. Fahey*, 51 Iowa, 406, that these provisions applied to the class of actions which by section 2745 are triable at the appearance term, and that if the court, at that term, orders that the testimony be taken by deposition, or either party elects to take his testimony in that form, the trial of the cause must of necessity be continued to give opportunity for the taking of the depositions. It will be observed, however, that section 2742 clothes the court with a discretion in the matter. The language is that "the court may order the evidence, or any part thereof, to be taken in the form of depositions." Very clearly, then, the defendant cannot complain of the refusal of the court to make such order in the present case. But defendant had the right to elect to take his own evidence in that form, and, on making such election, he would have had the right also to a continuance of the cause to afford him an opportunity to so take it. The record, however, does not show that he made that election. It does not appear from its recitals that he made any suggestion that he desired to take his evidence in that form, or even that there existed any evidence which he desired to produce. His request, in effect, was that the court make an order requiring all the evidence to be taken in that form. But the court, as we have seen, was not bound to make that order. It was clothed with the discretion to make such order, or not to make it, as it should seem proper and right.

AFFIRMED.