## Ellwood v. Price.

1. **Intoxicating Liquors:** ACTIONS TO ENJOIN NUISANCES: CONTINU-
ANCE FOR TRIAL ON DEPOSITIONS: PRACTICE. Conceding that actions
to restrain nuisances caused by the unlawful sale of intoxicating liquors
stand upon the same footing as to time of trial as actions to foreclose
mortgages, (compare Code. §§ 2742, 2744, 2745; Chap. 66, § 1, Laws of
1886; *Holbrook v. Fahey*, 51 Iowa, 406,) yet such an action should not
be continued at the appearance term, against the objection of the
plaintiff, on the ground that the defendant elects to take his evidence
by depositions, unless the court first determines and makes it of record
that the case is to be tried on depositions; for until such order is made
of record there is no reason for a continuance; and to grant a continu-
ance in such a case, without such previous order, is reversible error.

*Appeal from Howard District Court.*

SATURDAY, OCTOBER 22.

ACTION in equity, in which the relief asked is an injunc-
tion restraining the defendant from keeping and maintaining
a place for the sale of intoxicating liquors. From an order
of the court granting a continuance, on the application of the
defendant, the plaintiff appeals.

*W. K. Barker* and *H. T. Reed*, for appellant.

No appearance for appellee.

SEEVERS, J.—The defendant is a registered pharmacist,
and the petition states, in substance, that he has established,
and is keeping and maintaining, a place for the illegal sale of
intoxicating liquors, and that he has sold, and continues to
sell, the same. An injunction was asked to restrain the nui-
sance thus caused. The defendant answered the petition, and,
issue being thus joined, the defendant, at the appearance
term, stated orally to the court that he elected to take his evi-
dence in the form of depositions, and claimed a continuance
therefor. The plaintiff at the same time demanded a trial.
The court made the following order: " Defendant appears,
and says that he elects to take his evidence by depositions,

and claims a continuance therefor. Continuance granted, and plaintiff excepts. Plaintiff demands trial at the present term, which is refused, and he excepts."

It is provided by statute that " in equitable actions wherein issue of fact is joined, all the evidence offered in the trial shall be taken down in writing; or the court may order the evidence, or any part thereof, to be taken in the form of depositions; or either party may, at his pleasure, take his testimony, or any part thereof, by depositions." (Code, § 2742.) " Except where otherwise provided, causes shall be tried at the first term after legal and timely service has been made." (Code, § 2744.) " The appearance term shall not be the trial term for equitable actions, except those brought  *  *  * to foreclose mortgages.  *  *  *." (Code, § 2745.) These sections were construed in *Holbrook v. Fahey*, 51 Iowa, 406, and it is there said that " if, in any of the cases designated in section 2745, the court, in its discretion, orders the evidence to be taken down in the form of depositions, the appearance term cannot be the trial term; but if no such order be made, and the court orders all the evidence offered on the trial to be taken down in writing, there need be no continuance, unless for cause, and the appearance term is the trial term in these classes of equitable actions."

It is provided by statute that actions in equity, brought to restrain a nuisance caused by the unlawful sale and keeping for sale of intoxicating liquors, "shall be triable at the first term of court after due and timely notice of the commencement thereof has been given." (Section 1, c. 66, Acts 21st General Assembly.) Counsel for appellant contend that this statute requires that all actions like the one at bar shall be tried at the appearance term; and therefore, as we understand counsel, the case cannot be continued for the purpose of taking depositions. We do not deem it necessary to determine this question. For the purposes of this opinion it will be conceded that this class of actions stands upon the same footing as to the time when the same may or should

be tried as actions brought for the foreclosure of mortgages, and this is as favorable a view for the appellee as can possibly be taken.

It will be observed that the court failed to make any order whatever as to the mode of trial. But as one party asked a continuance for the purpose of taking depositions, and the other was insisting on a trial, we think it should be assumed that the contention, in fact, was as to the mode of trial, and that the court should have determined, and caused to be entered of record, that the case should be heard on depositions, before continuing the cause. As the case now stands in the district court, neither party is required to take depositions; or one may do so, and the other not. Now, section 2742 of the Code provides that either party, at pleasure, may take his evidence in the form of depositions. We do not think, if either objects, that an equity cause can be continued, for the purpose of trial, until the mode of trial has been determined and made a matter of record; for the reason that, if the court does not order that the case be tried on depositions, there is no reason for the continuance, and the court should order the trial to proceed upon written evidence taken down in open court.                      REVERSED.