' E. V. TUTTLE, Plaintiff, v. J. POCKERT, EMMA POCKERT and certain premises, Appellants.

**Intoxicating liquors:** INJUNCTION: EVIDENCE BY DEPOSITIONS.   The 1 defendant in an action to enjoin the illegal sale of intoxicating liquors is not entitled as a matter of right to present his evidence in the form of depositions; as such right, if it existed, would generally result in postponing the trial over at least one term, which would violate the statutory provision that the action shall be triable at the first term after the service of notice.

**Same:** CONSTITUTIONAL LAW.   The section of the constitution pro- 2 viding that the Supreme Court shall have appellate jurisdiction only in cases in chancery, and shall constitute a court for the correction of errors of law under rules prescribed by the General Assembly, does not provide that actions triable *de novo* shall be upon depositions; and hence, the defendant in a proceeding to enjoin the illegal sale of liquor is not entitled to present his evidence by depositions. And having no constitutional right to present his evidence by depositions, he is not entitled to a continuance of the temporary application for an injunction for the purpose of so presenting his evidence.

*Appeal from Carroll District Court.*—HON. F. M. POWERS, Judge.

SATURDAY, APRIL 9, 1910.

ACTION in equity to enjoin the defendants from the illegal sale of intoxicating liquors. The defendants appeal from an order granting a temporary writ.—*Affirmed.*

*L. H. Salinger,* for appellants.

*M. S. Odle,* for appellee.

SHERWIN, J.—The plaintiff alleged that the defendant J. Pockert kept on premises owned by the defendant Emma Pockert intoxicating liquors with the intent to sell the same, in violation of law. Both a temporary and a permanent writ were asked. The defendants answered, and thereafter filed a motion for a continuance for the purpose of presenting their evidence in the form of depositions. The court ordered a continuance as to the final hearing, but also ordered that a temporary writ issue as provided by law restraining the defendant J. Pockert from keeping and maintaining a nuisance by the unlawful sale of intoxicating liquors. The temporary writ was issued under the express authority of section 2405 of the Code, which says that, when the hearing of the application for an injunction is continued at the instance of the defendant, a temporary writ "shall be granted as a matter of course."

The appellants say that this statute is unconstitutional because it deprives a defendant in such a case of his "constitutional right to a review *de novo* on appeal, by taking a temporary writ of injunction against him as a penalty for taking time to secure depositions upon which to base such review; and section 2405 . . . is repugnant to the constitutional grant of chancery jurisdiction to the Supreme Court in permitting this." They further say that, even if said section is constitutional, it was error to issue a temporary writ in this instance because the hearing on the application for such temporary writ had

not been continued at the instance of the defendant. While the appellants' argument is devoted almost entirely to a consideration of the constitutionality of section 2405, the appellees make no reference to the subject in their argument, and we might well conclude that the point is conceded by them. But the interests of the public and our duty demand that we sustain the validity of the statute, if it should be sustained, notwithstanding the neglect of counsel or his mistaken view of the law.

The appellant claims that section 2405 is unconstitutional because it denies him the right to present his evidence in resistance to the application for a temporary writ by depositions, that such right inheres in the constitutional jurisdiction of this court, and that no statute can deny it. The fundamental difficulty with the appellant's claim is that it is based on an erroneous contention that he is and was entitled to present his evidence in the form of depositions on the final hearing. Section 2405 provides for the issuance of an injunction whenever it is made to appear to the court that a nuisance exists, as defined in the chapter relating to intoxicating liquors, and further provides that a temporary writ shall issue when certain conditions are present. Section 2406 provides as follows, in part: "The action when brought shall be triable at the first term of court after due and timely service of notice of the commencement thereof has been given." It is manifest that under this section a defendant is not entitled to present his evidence in the form of depositions as a matter of right, for the reason that, if such right exists, it would generally result in postponing the trial over at least one term, in direct violation of the requirement that the action shall be triable at the first term after due service has been made. Both of these sections of the statute are a part of the police regulations of the state for the suppression of the illegal traffic in intoxicating liquors; and, while the issuance of an injunc-

tion is provided for, the procedure is not governed by section 3652 of the Code, which relates to ordinary equitable. actions; actions not a part of the police regulations relating to the sale of intoxicants.

Article 5, section 4, of the Constitution, does not itself provide that actions triable *de novo* in this court shall be tried on depositions. And, were it not so provided in section 3652, parties to an ordinary equitable action would have no right to a trial upon depositions. That they would have the right to have their evidence taken in writing so that a trial *de novo* might be had here is not questioned. But all the Constitution guarantees is that they shall have a trial *de novo* in this court under such procedure as may be prescribed by the Legislature. It is the right to such a trial that is important and that is preserved by the Constitution. The form of procedure is unimportant if such right be not thereby destroyed. *Sherwood v. Sherwood*, 44 Iowa, 192, and *Holbrook v. Fahey*, 51 Iowa, 406, relied upon by the appellant, are not controlling for the reason that the police power of the state was not involved in either.

If the appellant had no constitutional right to present his evidence in the form of depositions, it is manifest that he had no right to a continuance of the temporary application, for such continuance would have defeated the very purpose of the statute. Furthermore, the writ issued did no more than to restrain the appellant from violating the law pending a final hearing, and he appears here in the rather anomalous position of complaining of such restriction.

The order of the trial court is *affirmed*.