ELLEN WAHLBERG, Appellee, v. C. A. BUCHWALD LUMBER Co., Appellant.

**Continuance in equitable cases:** DEPOSITIONS. The defendant in an equitable action who appears at the appearance term and files a general denial does not have the absolute right, at a subsequent term, to elect to take his evidence by deposition and demand a continuance for that purpose without any showing of meritorious grounds therefor; and the fact that the appearance term continued practically until the trial term began was not important on this question of continuance, in the absence of such showing.

*Appeal from Marshall District Court.*—HON. C. B. BRADSHAW, Judge.

THURSDAY, JANUARY 11, 1912.

ACTION to quiet title. At the appearance term, the defendant appeared and filed a general denial. At the second term the defendant filed an election to take a part of its testimony in the form of depositions, and demanded a continuance as a matter of right without any other showing of cause. The trial court refused the continuance. Two days later the trial was had; the defendant appearing at the trial, but offering no evidence. There was a decree for the plaintiff. Defendant appeals.—*Affirmed.*

*Boardman & Lawrence,* for appellant.

*Bradford & Johnson,* for appellee.

EVANS, J.—The plaintiff was the owner of a homestead. The defendant had a judgment against plaintiff's

former husband. The plaintiff brought an action to remove the cloud created upon her title by the apparent lien of defendant's judgment. The case was brought for August, 1910, term of court. The defendant appeared therein at such term, and joined issue by a general denial. No further proceedings were had at such term. At the next term, which began October 20th, the defendant filed an election "to take a portion of his testimony in the form of depositions," and moved the court that the cause "be set down by trial upon depositions written and documentary evidence and evidence taken in open court." This motion was overruled. Thereupon the defendant moved for a continuance on the ground that it was entitled to the same as an absolute right for the purpose of taking its testimony in the form of depositions. For the purpose of this appeal every other question has been eliminated from the case. Appellant stands here on the following proposition of law: "That in a suit to quiet title, a party has the absolute right to take its testimony in the form of depositions, and is entitled to a continuance for that purpose."

Section 3652 provides as follows: "In equitable actions wherein issues of fact are joined . . . the court may order the evidence, or any part thereof to be taken in the form of depositions; or either party may, at pleasure, take his testimony, or any part thereof, by depositions." Section 4684 provides: "If an action is by equitable proceeding, then, without any other reason therefor, either party may take the deposition of any witness." Section 3656 provides: "The appearance term shall not be the trial term for equitable actions except those brought for mandamus, divorce, to foreclose mortgages, mechanics' liens," etc.

Section 3652 was construed to some extent in *Holbrook v. Fahey,* 51 Iowa, 406, and in *Lombard v. Thorpe,* 70 Iowa, 220. Each of these cases was a suit to foreclose a mortgage. The appearance term was therefore the trial

term under the provisions of section 3656. In each case the question arose at the appearance term whether the defendant was entitled to a continuance in order to enable him to take depositions under the provisions of section 3652. In the *Holbrook* case the trial court ordered that the case be heard upon depositions, and ordered continuance for that purpose. On appeal it was held in this court that it was clearly within the power of the trial court to order the case to be heard upon depositions, and that such order necessarily worked a continuance of the case. In the *Lombard* case, the defendant moved at the appearance term that the cause be continued, and that the evidence be taken by depositions. This motion was refused by the trial court, and the case was ordered to trial at the appearance term. Upon appeal, such order was affirmed in this court. It was said in the opinion, however, somewhat by way of dictum, that "the defendant had a right to elect to take his own evidence by depositions at the appearance term, and that of necessity would have continued the cause so that he could take it, but he did not do so." In *Ellwood v. Price*, 73 Iowa, 84, it was held that the trial court erroneously granted a continuance because it had made no order that the case be tried on depositions. It was said that there was no reason for a continuance unless the order for a trial upon depositions be first made of record. The above cases are not wholly consistent in their reasoning, but are consistent in their final conclusions. It is to be noted that there is nothing in section 3652 which, in terms, gives to the defendant a right to elect. This section simply provides that "either party may, at his pleasure, take his testimony or any part thereof be depositions." This provision is in simple harmony with section 4684, already quoted above. It is manifest, however, that, if a defendant in an equitable case should be compelled to proceed to trial at the appearance term, he would be wholly deprived of these provisions of the two

sections of the statute.   The effect of the reasoning in the *Holbrook* and *Lombard* cases is to point out a course whereby a party may avail himself of these provisions of the statute, and may therefore obtain a continuance from the appearance term for that purpose.   In *Varnum v. Winslow,* 106 Iowa, 287, this court expressed the view by way of dictum that the trial court was not without some discretion in the application of section 3652.

In the case before us the question did not arise at the appearance term.   The defendant was not deprived of the benefits of section 3652 and section 4684 by being forced to trial at the appearance term.   The question then is, Was the defendant entitled, as a matter of "absolute right," to make the election at the trial term which we have already noted, and to demand a further continuance on that ground alone ?   It is stated in the briefs that such has been the practice for many years in the court from which this appeal comes, and that by common practice, defendants have availed themselves of this statute as a means of obtaining a continuance, even though there were no meritorious grounds therefor.   It is the contention of the appellant that such statute is available for such purpose without any showing of merit or good faith.   In the *Lombard* case, *supra,* it was intimated that an election to take depositions and an application for a continuance for that purpose should include a showing that there existed evidence which the moving party desired to produce.   This is only saying that an election to take a portion of the evidence in the form of depositions should be made in good faith, and not for the ulterior purpose of merely obtaining a continuance which could not otherwise be had.   If a party has no evidence in contemplation which he intends to take by depositions, his purported election to take a portion of his evidence by depositions is not *bona fide.*   In the case at bar there was, and is, no direct claim made that there existed any evidence in fact which would be available to the defendant in the form of depositions if

the order asked for had been made. The reasons which apply to an election at the appearance term to take depositions, and to demand a continuance for that purpose, do not necessarily apply when such election and demand are made at a subsequent term. We are united in the conclusion that the defendant can not as a matter of "absolute right" make an election and demand a continuance at the trial term, and the trial court properly so held.

II. It is made to appear in the record that the August term of court continued with occasional recesses until October 18th, and that the next term commenced October 20th. The trial in this case was had on November 14th. It is urged in argument by appellant that he could not take depositions during a term of court. This suggestion, however, is a departure from the proposition upon which he has rested his appeal. Such fact is important only as bearing upon the question whether the defendant had a meritorious cause for continuance. If the defendant had asked a continuance upon a showing of meritorious ground under the statute, the fact here suggested would be an important consideration. It did not do so. It claimed the continuance as an absolute right upon the sole ground of its election to take depositions. For the purpose of this appeal, therefore, such fact is not available to it.

The order of the trial court is therefore *affirmed*.