**STATE of Iowa, Appellee,**

v.

**Paul Frank AUMANN, Appellant.**

**No. 58035.**

Supreme Court of Iowa.

Dec. 17, 1975.

Douglas A. Johnson and Robert A. Engberg, Burlington, for appellant.

Richard C. Turner, Atty. Gen., Earl W. Roberts, Asst. Atty. Gen., and Steven S. Hoth, County Atty., for appellee.

Heard by MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP and HARRIS, JJ.

MOORE, Chief Justice.

Defendant was granted a Code section 783.2 hearing prior to trial on the pending charge against him of robbery with aggravation. He has appealed from the jury's determination of sanity to stand trial.

Although not raised by the State until oral submission, a jurisdictional issue arises. As we will point out infra it requires dismissal of this appeal.

I. Under the provisions of section 783.1 an accused must be granted a trial on the question of sanity if a reasonable doubt arises as to defendant's sanity at any stage in the prosecution. Section 783.2 requires "Such trial shall be conducted in all re-

spects, so far as may be, as the prosecution itself would be, * * *."

Section 783.3 provides:

"If the accused shall be found insane, no further proceedings shall be taken under the indictment until his reason is restored, and, if his discharge will endanger the public peace or safety, the court must order him committed to the Iowa security medical facility until he becomes sane; *but if found sane, the trial upon the indictment shall proceed, and the question of the then insanity of the accused cannot be raised therein.*" (Emphasis added).

Notwithstanding the provision "trial upon the indictment shall proceed" defense counsel gave notice of appeal which appeal is now before this court. Apparently because of this appeal, defendant has not been tried upon the indictment.

Code section 793.2 provides an appeal in a criminal prosecution "can only be taken from the final judgment, and within sixty days thereafter."

In *State v. Farmer,* Iowa, 234 N.W.2d 89, filed October 15, 1975, we cite with approval the following well established principles.

Entry of sentence constitutes final judgment in a criminal case. *State v. Coughlin,* Iowa, 200 N.W.2d 525, 526. A prosecution is not complete until final judgment is entered. *State v. Wiese,* Iowa, 201 N.W.2d 734, 737. Interlocutory appeal is not allowed in criminal cases. *State v. Hocker,* Iowa, 178 N.W.2d 317. Interlocutory rulings are reviewable upon appeal from final judgment when error has been properly preserved. *State v. Winfrey,* Iowa, 221 N.W.2d 269, 272.

In *State v. Klinger,* 259 Iowa 381, 383, 144 N.W.2d 150, 151, we say:

"'Final judgment in a criminal case means sentence. The sentence is the judgment. * * * In criminal cases, as well as civil, the judgment is final for the purpose of appeal "when it terminates

the litigation between the parties on the merits" and "leaves nothing to be done but to enforce by execution what has been determined." ' "

We are without jurisdiction to consider and determine the issues raised on this appeal from interlocutory order and must dismiss this appeal. *State v. Hocker,* supra, Iowa, 178 N.W.2d 317.

II. Contrary to Code section 793.-17 and Court Rule 15.2(a), no printed abstract of record has been filed. With the approval of an assistant attorney general (not present State's counsel, Mr. Roberts) appeal counsel filed an "Agreed Statement as The Record on Appeal." It includes a conclusion the appeal was taken from a final judgment.

Stipulations as to the law do not settle for the court what the law is, and consequently are of no validity. *Hutchins v. Hanna,* Iowa, 159 N.W. 199, 202; *Ford v. Dilley,* 174 Iowa 243, 250, 156 N.W. 513, 517; *Tuttle v. Pockert,* 147 Iowa 41, 43, 125 N.W. 841; 73 Am.Jur.2d, Stipulations, section 5, at page 539.

Jurisdiction as to subject matter cannot be conferred by consent or stipulation. *Blades v. Des Moines Ry. Co.,* 146 Iowa 580, 583, 123 N.W. 1057, 1058; *Groves v. Richmond,* 56 Iowa 69, 72, 73, 8 N.W. 752, 754.

The jury finding of defendant's sanity was not a final judgment. This court lacks jurisdiction to entertain this appeal. It is therefore dismissed. Further proceedings should be taken immediately in the district court.

Appeal dismissed.