# IN THE COURT OF APPEALS OF IOWA

No. 24-1547
Filed April 9, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**NICOLE ANN SCHROEDER,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dickinson County, David A. Lester,

Judge.


        A criminal defendant attempts to appeal following a guilty plea. **APPEAL**

**DISIMSSED.**


        Pamela Wingert of Wingert Law Office, Spirit Lake, for appellant.

        Brenna Bird, Attorney General, and David Banta, Assistant Attorney

General, for appellee.


        Considered without oral argument by Ahlers, P.J., and Badding and

Buller, JJ.

**BULLER, Judge.**

Nicole Schroeder attempts to appeal after pleading guilty to eluding in excess of twenty-five-miles-per-hour or more, a class "D" felony in violation of Iowa Code section 321.279(2)(a) (2024). Before that, she sent the county attorney and various judges a handwritten four-page letter, the first sentence of which asserted "I'm going to be representing myself" without further explanation. The district court entered an order noting it could not consider Schroeder's letter because she was represented by counsel. *See* Iowa Code § 814.6A(1). And Schroeder waived her trial rights (including the right to move in arrest of judgment), then requested immediate sentencing.

Whether there is "good cause" for this attempted guilty-plea appeal is a jurisdictional question. *Id.* § 814.6(1)(a)(3); *see State v. Treptow*, 960 N.W.2d 98, 104–05 (Iowa 2021). And parties cannot confer jurisdiction by consent or concede away jurisdictional defects. *See State v. Aumann*, 236 N.W.2d 320, 322 (Iowa 1975). So we must assess jurisdiction for ourselves before going further. *See State v. Davis*, 969 N.W.2d 783, 785 (Iowa 2022).

In its appellate brief, the State asserts "[t]he good cause requirement is satisfied when a defendant raises constitutional issues that do not attack the guilty plea." But we do not agree there is "good cause" to review all unpreserved constitutional errors following guilty pleas. Both the supreme court and our court have consistently rejected that position and instead held there generally is not "good cause" to review unpreserved errors. *See, e.g.*, *Treptow*, 960 N.W.2d at 109 (holding that, when a defendant failed to preserve error because he did not file a motion in arrest of judgment, there was no "good cause" for the appeal); *State*

*v. Hunsucker*, No. 22-0598, 2022 WL 4362186, at \*1 (Iowa Ct. App. Sept. 21, 2022) ("[W]hen a defendant asserts a deficiency in the plea hearing but did not move in arrest of judgment, good cause is lacking because error was not preserved." (citation omitted)); *State v. Scott*, No. 20-1453, 2022 WL 610570, at \*3 (Iowa Ct. App. Mar. 2, 2022); *see also State v. Lyons*, 16 N.W.3d 66, 73 (Iowa Ct. App. 2024) ("We may not consider an issue that is raised for the first time on appeal, even if it is of constitutional dimension." (cleaned up)).

To "establish[] good cause," *see* Iowa Code § 814.6(1)(a)(3), a criminal defendant must advance "a claim on appeal for which an appellate court potentially could provide relief." *State v. Newman*, 970 N.W.2d 866, 869 (Iowa 2022). The failure to file a motion in arrest of judgment precludes appellate relief because "[a] guilty plea puts a lid on the box and presumably concludes a case." *State v. Tucker*, 959 N.W.2d 140, 146 (Iowa 2021)*; see also* Iowa R. Crim. P. 2.24(3)(a). Schroeder filed no such motion. And the only two recognized exceptions to this rule—failure to advise the defendant on moving in arrest of judgment and ineffective assistance of counsel, *see Tucker*, 959 N.W.2d at 153–54—are not in play here. Schroeder was adequately advised of the need to file a motion in arrest when she pled guilty and waived her rights using the supreme court's eight-page model guilty-plea form and then requested immediate sentencing. And by law, we cannot reach questions of ineffective assistance on direct appeal. Iowa Code § 814.7. Schroeder's failure to move in arrest of judgment precludes appellate relief.

And even if we set aside the motion-in-arrest requirements set forth by the rules of criminal procedure and controlling case law, we would find Schroeder's

appellate claim unpreserved. The district court lacked authority to consider her pro se filing unless it was a request to disqualify counsel or attempted notice of appeal. *See* Iowa Code § 814.6A(3)(a), (b). We have reviewed the letter thoroughly and are convinced it was neither. And our court has considered filings in violation of section 814.6A "as legal nullities." *State v. Cox*, No. 21-0086, 2022 WL 3072488, at *2 (Iowa Ct. App. Aug. 3, 2022); *State v. Stark*, No. 20-1503, 2021 WL 4592246, at *3 (Iowa Ct. App. Oct. 6, 2021). This is because the General Assembly has commanded that neither we nor any other court may consider them. So we are hard-pressed to think a null filing could preserve an issue for review.

Last, even if we could consider the letter—and we can't—we would find it still did not preserve error. "[T]he defendant's request to proceed without counsel must be clear and unequivocal." *State v. Rater*, 568 N.W.2d 655, 658 (Iowa 1997) (cleaned up). In ambiguous cases, we "indulge every reasonable presumption against" construing requests as waiver of the right to counsel and invocation of self-representation. *See State v. Martin*, 608 N.W.2d 445, 450 (Iowa 2000) (citation omitted)). The single sentence in Schroeder's letter did not preserve error under this standard. And even if it did, she did not obtain a ruling on the claim, which separately bars relief under the error-preservation rules. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

All this analysis brings us to the same conclusion: the only error alleged in this attempted appeal is unpreserved, we lack jurisdiction to review it because we cannot potentially provide relief, and thus there is no "good cause" for an appeal. *See, e.g.*, *Treptow*, 960 N.W.2d at 109–10. We dismiss this attempted appeal.

**APPEAL DISMISSED.**