**STATE of Iowa, Appellant,**

v.

**Thomas Albert COUGHLIN, Appellee.**

**No. 133.**

Supreme Court of Iowa.

Sept. 19, 1972.

**526**

Richard C. Turner, Atty. Gen., Richard N. Winders, Asst. Atty. Gen., and Ray Yarham, County Atty., for appellant.

Harold G. DeKay, Atlantic, for appellee.

MOORE, Chief Justice.

State appeals from trial court's order sustaining defendant's motion to set aside jury verdict of guilty of operating a motor vehicle while under the influence of an alcoholic beverage contrary to Code section 321.281.

During their deliberation the jury sent a written question to the trial judge asking whether they could use information which one of the jurors had obtained from the World Book Encyclopedia concerning how fast the human body absorbs alcohol. The trial judge admonished the jury it was improper to discuss or consider such information. A guity verdict was subsequently returned. The trial judge found defendant had been denied a fair trial and sustained defendant's motion to set aside the verdict. From this ruling the State has appealed.

■ The first question presented by the record is whether we have jurisdiction to entertain this appeal. Although defendant has not questioned the right of the State to prosecute this appeal it is our duty to dismiss or refuse to consider an appeal which the court has no jurisdiction to entertain. State v. Anderson, 245 Iowa 99, 101, 60 N.W.2d 794, 796, and citations.

Code chapter 793 governs appeals in criminal cases. Section 793.2 provides: "An appeal can only be taken from the final judgment, * * *." The statute applies to appeals by the State as well as by defendants. State v. Hocker, Iowa, 178 N.W.2d 317.

■ Final judgment in a criminal case means sentence. The judgment is final for the purpose of appeal when it terminates the litigation. State v. Klinger, 259 Iowa 381, 383, 144 N.W.2d 150, 151 and citations.

■ Rule 331, R.C.P., which expressly authorizes appeals from an order granting a motion for new trial, is not applicable to criminal cases. "Rules of Civil Procedure have no application to criminal cases unless a statute makes them applicable." State v. District Court, 253 Iowa 903, 905, 114 N.W.2d 317, 318; State v. Addison, 250 Iowa 712, 716, 95 N.W.2d 744, 747.

■ The language of section 793.2 is plain and definite. It leaves nothing for judicial construction. The order from which the State appealed is not a final judgment. We hold we are without juris-

diction to entertain this appeal and it must ·be dismissed.

Costs of this appeal are taxed to appellant. Appeal dismissed.

All Justices concur.