**STATE of Iowa, Appellee,**

v.

**Benjie Francis ANDERSON, Appellant.**

**No. 58201.**

Supreme Court of Iowa.

Oct. 20, 1976.

Marion E. James and James C. Twedt, of Brekken, Deppe & James, Story City, for appellant.

Richard C. Turner, Atty. Gen., Jim P. Robbins, Asst. Atty. Gen., and Jim R. Sween, County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, REYNOLDSON and McCORMICK, JJ.

REYNOLDSON, Justice.

A jury found defendant guilty of violating § 204.401(3), The Code, possession of a controlled substance (marijuana). Persuaded by defense counsel's arguments, trial court ordered judgment deferred and defendant placed on probation for a period not to exceed two years. See § 789A.1.

With the litigation in this posture defendant has appealed, asserting trial court errors in admitting evidence obtained by unlawful search and seizure, in its denial of right to speedy trial, and in its denial of applications for appointment of trial and appeal counsel.

While disputing the assertion errors were so committed, the State contends we have no jurisdiction to hear the appeal in absence of a final judgment. This question must be resolved against defendant and consequently the appeal is dismissed.

I. By reply brief defendant vigorously argues deferral of judgment imposing the restraints of probation is essentially a punishment undistinguishable in practical effect from a sentence. Accordingly, it is a finality based on a jury conviction of guilt and appealable. Defendant cites as authority *Korematsu v. United States*, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497 (1943).

In *Korematsu* a federal district court placed the defendant on probation for five years, the order further providing "pronouncing of judgment be suspended." 319 U.S. at 433, 63 S.Ct. at 1125, 87 L.Ed. at 1498. But in that appeal the government *conceded* the order imposing probation and suspending entry of judgment was as final as an order which imposed a sentence and then placed defendant on probation. *Id.* While language in *Korematsu* is helpful to defendant, the fighting issue on jurisdiction presented by this appeal was never reached there.

Although the *Korematsu* rationale has been followed in some jurisdictions, see *State v. Heron*, 92 Ariz. 114, 374 P.2d 871 (1962); *State v. Longmore*, 178 Neb. 509, 512–514, 134 N.W.2d 66, 69 (1965), the great weight of authority holds in absence of a specific controlling statute such an order ordinarily is not a finality and therefore not appealable. See, e. g., *Franklin v. State*, 87 Idaho 291, 392 P.2d 552 (1964); *State v. Carroll*, 123 N.W.2d 659 (N.D.1963); *State v. Shannon*, 60 Wash.2d 883, 888, 376 P.2d 646 (1962); Annot., 126 A.L.R. 1210 (1940); 4 Am.Jur.2d Appeal and Error § 161, pp. 674–675; 24 C.J.S. Criminal Law § 1649, pp. 1004–1009.

The United States Supreme Court has not suggested the issue assumes constitutional dimensions. See *Mempa v. Rhay*, 389 U.S. 128, 135–136, 88 S.Ct. 254, 257–258, 19 L.Ed.2d 336, 341 (1967); *Corey v. United States*, 375 U.S. 169, 84 S.Ct. 298, 11 L.Ed.2d 229 (1963); *Korematsu*, supra. The question is ordinarily resolved by application of statutory provisions, express or construed. *Id.*; see, e. g., *People v. Robinson*, 43 Cal.2d 143, 271 P.2d 872 (1954); *Franklin v. State*, supra; *State v. Longmore*, supra; *State v. Carroll*, supra; *State v. Proctor*, 68 Wash.2d 817, 415 P.2d 634 (1966). We therefore turn to our own relevant statutes and our decisions applying them.

II. Section 793.2, The Code, provides "An appeal can only be taken from the final judgment, and within sixty days thereafter." We have said this language is plain and definite, leaving nothing for judicial

construction. *State v. Coughlin*, 200 N.W.2d 525, 526 (Iowa 1972); *State v. Klinger*, 259 Iowa 381, 382–383, 144 N.W.2d 150, 151 (1966); *State v. Anderson*, 245 Iowa 99, 101, 60 N.W.2d 794, 795 (1953).

 In a criminal case, sentence constitutes final judgment. *State v. Aumann*, 236 N.W.2d 320, 321 (Iowa 1975); *State v. Coughlin*, supra, 200 N.W.2d at 526. When judgment is deferred under § 789A.1, The Code, the adjudication of guilt is deferred as well as the sentence. *State v. Farmer*, 234 N.W.2d 89, 92 (Iowa 1975). It follows the initial order to defer sentence in a § 789A.1(1) procedure is interlocutory and cannot meet the final judgment requirement of § 793.2 to support an appeal. See *State v. Farmer*, supra, 234 N.W.2d at 90.

While the deferment of sentence procedure may delay or ultimately extinguish defendant's right to assert trial court errors, we note a deferment order cannot be entered without defendant's consent. Section 789A.1(1), The Code.

Similar hard choices are not uncommon in the criminal law field. A defendant who pleads guilty relinquishes several basic constitutional rights. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279–280 (1969). A defendant who elects to submit evidence after trial court overrules his motion for directed verdict at close of State's evidence risks supplying essential parts of the State's case. *Cline v. United States*, 395 F.2d 138, 144 (8 Cir. 1968); *State v. Ahern*, 227 N.W.2d 164, 168 (Iowa 1975).

Here the combined language of § 793.2 and § 789A.1 required defendant to elect between an order deferring judgment and a right to immediate appeal. He chose the first alternative.

While there is no apparent authority under Chapter 789A to impose a fine or jail sentence as a "term or condition" of probation upon deferring judgment, we expressly reserve the question whether a defendant under such an order could appeal therefrom. See *People v. Robinson*, supra; *State v. Proctor*, supra.

III. In an anomalous "Catch 22" situation, defense counsels' success in securing an order deferring sentence deprived them of a direct appeal review of trial court's refusal to appoint them as trial and appeal counsel under circumstances strikingly similar to those in *Schmidt v. Uhlenhopp*, 258 Iowa 771, 140 N.W.2d 118 (1966). But § 793.2 does not apply to proceedings in certiorari, *State v. Anderson*, supra, 245 Iowa at 102, 60 N.W.2d at 796, which remedy, timely invoked, is available to reverse such rulings. See *Schmidt v. Uhlenhopp*, supra; *Steinbeck v. Iowa Dist. Ct. in and for Linn County*, 224 N.W.2d 469, 472 (Iowa 1974); rules 306–319, Rules of Civil Procedure.

This appeal is dismissed. Costs are taxed to appellant. See *State v. Coughlin*, supra, 200 N.W.2d at 526–527; *State v. Doerflein*, 252 Iowa 947, 948, 107 N.W.2d 439, 440 (1961).

APPEAL DISMISSED.