Eddie Deno COLLIER, Petitioner,

v.

The Honorable J. P. DENATO, Judge, Polk County District Court, Respondent.

No. 59291.

Supreme Court of Iowa.

Nov. 17, 1976.

Naomi S. Mercer and Robert A. Wright, Sr., Des Moines, for petitioner.

Ray A. Fenton, County Atty., and Karla J. Fultz, Asst. County Atty., Des Moines, for respondent.

Heard before MOORE, C. J., and MASON, LeGRAND, UHLENHOPP, and McCORMICK, JJ.

MASON, Justice.

Eddie Deno Collier filed a petition for writ of certiorari in this court challenging the legality of the Honorable James P. Denato's order overruling petitioner's motion to dismiss a county attorney's information filed against him in Polk County. Petitioner's motion was based upon the State's alleged failure to file the information within thirty days from the date petitioner was held to answer. This court entered an order for issuance of the writ and proper return was filed.

A preliminary information was filed January 20, 1976, charging petitioner with the crime of soliciting for prostitution in violation of section 724.2, The Code. Petitioner was arraigned the same day and pleaded not guilty before the Honorable Norman Elliott, an Associate Judge of the Polk District Court. In addition petitioner waived preliminary hearing and demanded a speedy indictment and trial. Defendant was then held to answer and bail was set. Included in the certification of the proceedings had before the magistrate is Judge Elliott's order of January 20 in which he states:

"On judicial inquiry made I find probable cause for this charge and to detain the Defendant thereon.

/s/ N. Elliott

"Let the Defendant be released on posting Cash or Surety Bond of $2000 or 200.

/s/ N. Elliott"

Cash bail was posted on the same day and the papers were promptly transmitted to the Polk District Court where they were filed January 22.

February 17 the county attorney requested a preliminary hearing and pursuant to Judge Elliott's order a preliminary hearing was held February 18. Petitioner did not request that proceeding. As a result of the February 18 hearing petitioner was bound over to the grand jury for further proceedings.

A county attorney's information was filed February 27 charging petitioner with the same offense set out in the preliminary information. On the same day, pursuant to notice filed February 23, petitioner took the deposition of a witness for the State.

Petitioner was arraigned March 3 before the Honorable James P. Denato and entered a plea of not guilty. Trial was set for April 14, 1976. On the date of his arraignment before Judge Denato petitioner filed a motion to dismiss based upon the prosecution's alleged failure to file the information within thirty days from the date petitioner was held to answer as required by section 795.1, The Code. Judge Denato overruled petitioner's motion March 22 and this certiorari action followed.

The following issues are presented for review in this proceeding:

(1) Is certiorari a proper method to challenge the legality of the trial court's action in overruling petitioner's motion to dismiss?

(2) Was the preliminary hearing illegally ordered and illegally held?

(3) Did petitioner's actions in voluntarily and affirmatively participating in the preliminary hearing and in taking the deposition of a State's witness constitute a waiver of the speedy indictment provisions of section 795.1, The Code?

(4) Did petitioner's actions establish good cause for the State's failure to comply with the thirty day requirement of section 795.1, The Code?

(5) Were petitioner's constitutional rights to speedy trial and assistance of counsel violated by respondent's actions in ordering that the preliminary hearing be held and in overruling petitioner's motion to dismiss?

I. "A writ of certiorari shall only be granted when specifically authorized by statute; or where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded its, or his proper jurisdiction or otherwise acted illegally." Rule 306, Rules of Civil Procedure.

■ It is well established that rule 306, R.C.P., strictly limits certiorari relief to questions of jurisdiction or illegality of an inferior tribunal's actions unless there is a specific statutory exception applicable. See *State v. Dist. Ct. in and for Polk Cty.*, 231 N.W.2d 1, 5 (Iowa 1975) and *State v. Cullison*, 227 N.W.2d 121, 126 (Iowa 1975). Petitioner does not assert respondent was acting beyond the scope of his jurisdiction; rather it is maintained respondent acted illegally in denying petitioner's motion to dismiss.

In *Vohs v. District Com'rs of Fremont Cty., Etc.*, 218 N.W.2d 595, 596 (Iowa 1974), this court defined "illegally," as used in rule 306, R.C.P., as follows:

"There is illegality within the meaning of the certiorari rule 'when there is not substantial evidence to support the findings on which the inferior court or tribunal based its conclusions of law.' * * * [citing authority]." See also *State v. Cullison*, 227 N.W.2d at 126.

It is clear a trial court's ruling on a motion to suppress evidence can be reviewed by certiorari. *State v. District Court of Iowa, in & for Linn County*, 218 N.W.2d 641, 643 (Iowa 1974); *State v. Holliday*, 169 N.W.2d 768, 770–771 (Iowa 1969); *State v. Rees*, 258 Iowa 813, 816, 139 N.W.2d 406, 408. It is equally clear the right to challenge pretrial rulings of lower courts by certiorari has been extended to the state and to defendants. *Steinbeck v. Iowa Dist. Ct. in and for Linn Cty.*, 224 N.W.2d 469, 472 (Iowa 1974).

A writ of certiorari challenging an order denying a transfer of proceedings to juvenile court was sustained in *Mallory v. Paradise*, 173 N.W.2d 264 (Iowa 1969). Likewise, a writ was sustained in *Harnack v. District Court of Woodbury County*, 179 N.W.2d 356 (Iowa 1970), where defendants were challenging trial court's order changing the place of trial. In *Pollard v. District Court of Woodbury County*, 200 N.W.2d 519 (Iowa 1972), this court sustained a writ challenging an order overruling a motion for change of venue.

■ This court will not deny or annul a writ of certiorari on the ground petitioner has another plain, speedy or adequate remedy. Rule 308, R.C.P.; *Reed v. Gaylord*, 216 N.W.2d 327, 333 (Iowa 1974).

Petitioner maintains the undisputed facts presented by this record do not support respondent's conclusion petitioner's conduct amounted to a waiver of his right to speedy indictment as a matter of law. In other words it is argued respondent's conclusion of law was "illegal."

■ In light of the cited cases wherein this court in certiorari proceedings reviewed various pretrial rulings of lower courts, it is our view certiorari is a proper method for challenging respondent's ruling on petitioner's motion herein.

Principles controlling this court's scope of review in certiorari actions are set out in *State v. Cullison*, 227 N.W.2d at 126, as follows:

"Certiorari is not an equitable proceeding. The action is by ordinary proceedings, rule 317, R.C.P., which means it is a law action. * * * [citing authority]. Consequently, our review ordinarily is not *de novo* and we do not review fact findings of the lower tribunal further than to ascertain if they are sustained by competent and substantial evidence. * * * [citing authorities].

" * * *

"Where this is no factual dispute and no conflicting inferences may be drawn from the facts it is for us to review trial court's conclusions as a matter of law. * * * [citing authority]. And in reviewing law issues, this court is not bound by trial court's ruling. * * * [citing authorities]."

In the case before us there is no factual dispute and no conflicting inferences may be drawn from those undisputed facts. Consequently, this court must review respondent's ruling as a matter of law.

It should be noted here petitioner points out a possible violation of his constitutional rights to a speedy trial and to assistance of counsel. Arguably then an exception to

this court's normal scope of review in certiorari actions, requiring an assessment of the totality of the circumstances, would apply. *State v. Cullison*, 227 N.W.2d at 126. However, since the facts here are undisputed and respondent's ruling is to be assessed as a matter of law with reference to those facts, it is immaterial whether the noted exception applies.

II. Petitioner contends respondent's overruling of the former's motion to dismiss was illegal within the meaning of rule 306, R.C.P. The alleged illegality is the fact respondent's ruling was based upon the erroneous conclusion petitioner's participation in the belated preliminary hearing and in taking the deposition of the State's witness amounted to a waiver of the speedy indictment provisions of section 795.1, The Code. Petitioner insists the preliminary hearing was contrary to law and participation therein could not amount to a waiver of his right to speedy indictment.

Although it is not altogether clear whether petitioner argues the prosecution has no right to request a preliminary hearing or whether that request may only be made at the time of petitioner's proposed waiver, it appears the latter is the case. In any event the question of the legality or illegality of this preliminary hearing held February 18 at the State's request need not be resolved here. The issue is, did petitioner's participation in that hearing constitute a waiver of the provisions of section 795.1. That question can be resolved without reaching a conclusion as to the legality or illegality of the preliminary hearing in question. For this reason petitioner's second contention will not be dealt with.

III. In connection with the third issue presented we point out again respondent's ruling is based on the conclusion petitioner waived his right to be indicted or informed against within the 30-day period mandated in section 795.1 by "his voluntary and affirmative participation in the preliminary hearing and the deposing of witnesses." Petitioner contends this finding of waiver is erroneous as a matter of law.

" * * * A waiver of either a statutory or constitutional right must be a voluntary, intentional act done with actual knowledge of the existence and meaning of the rights involved and with full understanding of the direct consequences of the waiver. * * * [citing authorities]." *State v. Jones*, 238 N.W.2d 790, 792 (Iowa 1976). See also *State v. Fetters*, 202 N.W.2d 84, 89 (Iowa 1972).

■ Courts should indulge every reasonable presumption against waiver of constitutional rights and should not presume acquiescence in the loss of fundamental rights. *Barker v. Wingo*, 407 U.S. 514, 525–526, 92 S.Ct. 2182, 2189, 33 L.Ed.2d 101. See also *State v. Gorham*, 206 N.W.2d 908, 911 (Iowa 1973).

■ Petitioner's failure to formally resist the preliminary hearing does not support the argument petitioner waived his right to speedy indictment. The State had until February 19 to indict or inform against petitioner and the hearing was held February 18. If petitioner had resisted the hearing it might well be argued the additional time necessary to resolve the dispute would have constituted delay attributable to petitioner and thus establish good cause for the delay in petitioner's being indicted or informed against. Consequently, the State would thus have additional time within which to satisfy the provisions of section 795.1. By not resisting the State-initiated hearing, however questionable its legality, petitioner sought to take full advantage of his speedy indictment rights. Respondent argues petitioner's failure to resist amounted to a waiver of the very statutory right petitioner was attempting to preserve. Petitioner was placed on the horns of a dilemma. Resistance would have most likely given the prosecution the additional time desired. Failure to resist has led to the prosecution's contention petitioner waived the provisions of section 795.1. Respondent's contention cannot be sustained.

It is next argued petitioner's active and affirmative participation in the hearing establishes waiver of his speedy indictment right. Respondent's brief merely restates

the language of the order overruling petitioner's motion to dismiss and presents no argument or authority on this point. Petitioner directs this court's attention to the following language from *United States ex rel. Allen v. State of Illinois*, 413 F.2d 232, 235 (7 Cir. 1969):

" * * * A relinquishment of rights by waiver that is compelled by an election of choices is involuntary and not a waiver at all. * * * ." That court went on to point out the defendant therein was given the choice of either behaving in the courtroom or being expelled therefrom. That choice compelled defendant to involuntarily waive his constitutional right to be present at all stages of a criminal proceeding. The Seventh Circuit was reversed by the United States Supreme Court in *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353, reh. den., 398 U.S. 915, 90 S.Ct. 1684, 26 L.Ed.2d 80, but the language quoted above remains instructive.

In *Hamilton v. Watkins*, 436 F.2d 1323, 1326 (5 Cir. 1970), the court said, "True waiver must be based on a free option."

In *Fisher v. First National Bank of Omaha*, 338 F.Supp. 525, 531 (S.D.Iowa 1972), the court quoted with approval the following language from *Buffum v. Chase National Bank of City of New York*, 192 F.2d 58, 60–61 (7 Cir. 1951):

" ' * * * [Waiver] may be implied as a necessary consequence of the waiver's conduct inconsistent with an assertion of retention of the right. It must be proved by the party relying upon it. And if the only proof of intention to waive rests on what a party does or forebears to do, his act or omissions to act should be so manifestly consistent with and indicative of an intent to relinquish voluntarily a particular right that no other reasonable explanation of his conduct is possible.' "

■ Respondent agrees with petitioner the possibility of a contempt citation forced petitioner to attend the hearing in question. Respondent once again however raises petitioner's failure to resist the hearing. However, the fact remains petitioner was compelled to attend this hearing and his attorney would have been remiss in his duties had he not actively and affirmatively participated therein. No reasonable option was available to petitioner. Acting pursuant to a court order cannot be deemed a voluntary waiver of a statutory or constitutional right. Respondent's ruling cannot be sustained on this ground.

Respondent maintains his ruling concluding petitioner waived his right to a speedy indictment was correct as a matter of law. In support of this position he relies most heavily upon the fact petitioner took the deposition of a State's witness. Respondent insists petitioner was not compelled to take the deposition and concludes this connotes a voluntary waiver of the right to speedy indictment. But no argument is put forth as to exactly why such action should amount to a waiver of this right. Respondent sees importance in the fact the deposition was taken a few hours before the information against petitioner was filed. However, this important fact is not elaborated upon and we fail to see what bearing it has on this issue.

The 30-day period established by section 795.1 tolled February 19. Petitioner's notice of oral deposition was filed February 23 and the deposition was taken February 27 at 2:00 p. m. The county attorney's information was filed February 27 at 3:33 p. m. March 3 petitioner's motion to dismiss based on section 795.1, The Code, was filed. It appears to be respondent's argument that petitioner's motion to dismiss was rendered untimely by his previous conduct in taking the deposition of a State's witness.

In *State v. Lyles*, 225 N.W.2d 124, 125 (Iowa 1975), this court said:

"Unless a defendant is neither admitted to bail nor unrepresented by counsel he may waive his right to dismissal for lack of speedy indictment by not raising the issue *before trial.* * * * [citing authorities]." (Emphasis supplied).

It is the court's view the fact petitioner took the deposition of a witness before making his motion to dismiss did not render that motion untimely. Petitioner's motion

was filed before trial. His conduct in taking the deposition of a witness in no way delayed the proceedings.

We hold the undisputed facts do not establish a waiver of petitioner's right to speedy indictment. The issue was raised prior to trial as is required by *State v. Lyles*, 225 N.W.2d at 125. Petitioner's actions at no time appear to have been inconsistent with the assertion of that right.

IV. Counsel for respondent concedes in oral argument before this court that they do not seek to sustain the challenged ruling on the theory there was good cause for the delay in filing the information against petitioner. Hence, we do not reach the fourth issue presented for review.

V. The constitutional issues raised by petitioner in his final brief point need not be dealt with by this court. Petitioner in argument concedes respondent's ruling violated provisions of the Iowa Code as well as the Constitution of the United States and the Iowa Constitution. There are thus statutory grounds upon which the resolution of this appeal can be based.

In *State v. Thomas*, 219 N.W.2d 3, 4 (Iowa 1974), this court stated:

" * * * We prefer to decide cases on nonconstitutional grounds when possible. *City of Des Moines v. Lohner*, 168 N.W.2d 779, 782 (Iowa) ('We do not consider constitutional questions unless it is necessary for the disposition of the case.'); 16 Am.Jur.2d Constitutional Law § 113 at 301; 16 C.J.S. Constitutional Law § 94 at 317 ('The principle that necessity of determination is a condition to judicial consideration of constitutional questions also finds application in the rule that such questions will not be passed on where the issues involved in the particular case may be decided on another ground, even though the constitutional issue has been properly presented.') * * * ."

The case is remanded to the district court with directions to dismiss the charge against petitioner and to release his bond and exonerate the sureties thereon, if any.

Writ sustained and remanded with directions.