**STATE of Iowa, Appellee,**

v.

**Kenneth STESSMAN, Appellant.**

No. 88–1199.

Supreme Court of Iowa.

Sept. 19, 1990.

Rehearing Denied Oct. 18, 1990.

---

Larry J. Cohrt of Swisher & Cohrt, Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., Mark Joel Zbieroski, Asst. Atty. Gen., and Harry W. Zanville, Special Pros., Waterloo, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ and CARTER, JJ.

McGIVERIN, Chief Justice.

Defendant Kenneth Stessman was found guilty by a jury of one count of fraudulent practices and two counts of theft. He received a deferred judgment and then appealed. The State moved to dismiss his appeal. We sustain the motion to dismiss in part and dismiss the appeal as to all matters occurring prior to and during the trial. With regard to the restitution order, the trial court's ruling is affirmed.

I. *Background.* A jury found defendant Kenneth Stessman guilty of one count of fraudulent practice in violation of Iowa Code sections 321.71(2), 714.8(10) and 714.-11(3) (1987), one count of theft by deception in the third degree in violation of Iowa Code section 714.2(3), and one count of theft by deception in the second degree in violation of Iowa Code section 714.2(2). At the sentencing hearing, the district court granted defendant a deferred judgment. *See* Iowa Code § 907.3. The adjudication of guilt and imposition of sentence were deferred for a period of five years, during which time the defendant was placed on probation. Defendant was also required to make restitution to the victims of his acts and pay court costs.

Defendant filed a notice of appeal. The State filed a motion to dismiss defendant's appeal. We ordered that the motion be submitted with the appeal. On appeal, defendant raises several issues that arose during and after the trial and sentencing.

II. *The State's motion to dismiss the appeal.* The State has moved to dismiss defendant's appeal, contending that no right of appeal exists here because no final judgment has been entered. The State's position is that a deferred judgment was entered, and a deferred judgment is not a final judgment.

The State is correct in its assertion that a final judgment does not presently exist in this case. Iowa Code section 814.-6(1)(a) grants the right of appeal to criminal defendants in instances when a "final judgment of sentence" exists. Here the district court granted defendant a deferred judgment as allowed by Iowa Code section 907.3. An order deferring judgment is interlocutory and cannot meet the final judgment requirement imposed by section 814.-6. *See generally State v. Anderson,* 246 N.W.2d 277 (Iowa 1976). Because a final judgment does not exist, defendant's case is not appealable by him as a matter of right.

Defendant, however, asserts that he should be allowed to appeal the judgment because he never consented to the deferred judgment, or, in the alternative, this court should treat his appeal as a petition for certiorari as permitted under Iowa Rule of Appellate Procedure 304.

A. Iowa Code section 907.3(1) provides that, "With the consent of the defendant, the court may defer judgment...." *Id.* The statute explicitly requires the consent of the defendant before a deferred

judgment may be entered. Defendant contends he did not knowingly consent to the deferred judgment, and the only reason he entered into the deferred judgment was because the district court assured him that he could appeal from it.

The record, however, establishes that defendant consented to the deferred judgment, and the consent was not obtained as a result of any statements made by the trial court that might have been construed by defendant as assurances that a deferred judgment could be appealed. Prior to any statement by the court that could have had an influence on defendant's decision to consent to a deferred judgment, defendant, through his attorney, specifically requested that the court grant him a deferred judgment.

Defendant's request for a deferred judgment is clearly stated at the beginning of his attorney's closing remarks: "Your Honor, as indicated, it is correct that we are asking that a deferred judgment be granted to Mr. Stessman." This is an unambiguous indication that defendant desired a deferred judgment. Defendant's request for a deferred judgment, through his attorney, occurred before any of the district court's statements that defendant alleges misled him into agreeing to a deferred judgment. Further, defendant specifically consented to a deferred judgment in response to the court's question under section 907.3(1) as to whether he had any objection to a deferred judgment.

In sum, defendant requested a deferred judgment prior to any allegedly misleading statements that the court may have made. The court simply granted defendant's request. Under these circumstances, we conclude the deferred judgment was properly consented to by defendant and ordered by the court.

■ B. Defendant further asserts that if we conclude this case is not appealable of right, then we should treat the appeal as a petition for certiorari as permitted under Iowa Rule of Appellate Procedure 304. A similar request was made in *McKeever v. Gerard*, 368 N.W.2d 116 (Iowa 1985), by a defendant who was seeking review of alleged trial court errors in a criminal case where he had received a deferred judgment. This court held, that "[u]nder these circumstances, we will not recognize the certiorari procedure." *Id.* at 119. We stated:

> We believe the right to raise, after a trial, alleged trial court errors through a certiorari action is one of those rights, like an appeal, which is waived by an election for a deferred judgment. A defendant who elects to have the case eventually treated as if there was no conviction cannot simultaneously attack the case as if there had been one.

*Id.* *McKeever* mandates that the entry of the deferred judgment in this case eliminated the availability of the certiorari procedure as a "back door" appeal. *Id.*

We sustain the State's motion to dismiss the appeal on all matters occurring prior to and during trial. Further, we decline to grant certiorari review of the same matters.

III. *The restitution order.* The only remaining question is whether we may consider defendant's appeal of the restitution order accompanying the deferred judgment. The district court required defendant to pay $252 as restitution to Dick Witham Chevrolet, as a victim of one of defendant's alleged acts of theft. In addition, defendant was to pay court costs. *See* Iowa Code § 910.2.

A. We previously held in Division II that an appeal of right in a deferred judgment case is not available because there is no final judgment. Defendant could, however, have requested discretionary review of the restitution order. *See* Iowa Code § 814.6(2)(e).

Although defendant did not apply for discretionary review, Iowa Rule of Appellate Procedure 304 allows this court to proceed as though discretionary review was sought. Rule 304 provides:

> If any case is brought by appeal, certiorari, or discretionary review, and the appellate court is of the opinion that another of these remedies was the proper one, the case shall not be dismissed, but shall

proceed as though the proper form of review had been sought.

Pursuant to rule 304, we will consider whether this court should grant discretionary review of the restitution order.

 Iowa Code section 814.6(2)(e) makes discretionary review available to examine, "An order raising a question of law important to the judiciary and the profession." This case raises the important question of how a defendant may properly seek review of a restitution order accompanying or following a deferred judgment order. Our prior cases have not discussed the available mode of review. In *State v. Kluesner*, 389 N.W.2d 370 (Iowa 1986), we granted discretionary review to determine whether Iowa Code section 910.2 "imposes a duty upon the trial court to order restitution in a deferred judgment case." *Id.* at 370. We did not address, however, the means of seeking appellate review of a restitution order once it is entered. Therefore, we grant discretionary review of the restitution order here to consider that question.

We believe that the proper route of possible review for a restitution order issued as part of or following a deferred judgment is an application for discretionary review. *See* Iowa Code § 814.6(2)(e). Allowing application for discretionary review of restitution orders in deferred judgment cases satisfies the need for a possible avenue of review, without upsetting the final judgment requirement imposed by statute and our prior cases. *See* Iowa Code § 814.6(1)(a) (1987).

Because appellate review of restitution orders issued as part of or following a deferred judgment is discretionary, it follows that not every application for review will be granted in the future.

 B. Addressing defendant's contentions concerning the restitution order on the merits, we affirm the trial court's order of restitution. Iowa Code section 910.2 provides that when "judgment of conviction is rendered, the sentencing court shall order that restitution be made by each offender to the victims of the offender's criminal activities...." *Id.*

We believe the district court was correct in finding that General Motors was a victim as defined by Iowa Code section 910.1(1). Dick Witham Chevrolet, acting as an agent for General Motors, performed repairs on defendant's car. Because of defendant's deception concerning the auto's odometer reading, General Motors became financially responsible for the repairs and paid Dick Witham Chevrolet $252 for the work done on defendant's auto. Clearly, defendant's actions caused direct financial harm to General Motors. As General Motors' agent, Dick Witham Chevrolet will have to reimburse General Motors for sums defendant pays in restitution to Dick Witham Chevrolet. Defendant's other contentions concerning the restitution order have insufficient merit to cause us to overturn the district court's decision regarding restitution.

APPEAL AFFIRMED IN PART AND DISMISSED IN PART.