# IN THE COURT OF APPEALS OF IOWA

No. 16-1394
Filed September 13, 2017

**DIEGO ARMANDO ALVAREZ MENDOZA,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Marshall County, John J. Haney, Judge.

Diego Alvarez Mendoza appeals a district court order denying his writ of habeas corpus. **AFFIRMED.**

Benjamin D. Bergmann and Alexander D. Smith of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A person whose judgment was deferred and who successfully discharged probation asks us to go a step beyond a recent Iowa Supreme Court opinion and hold the denial of habeas corpus as an avenue for relief is unconstitutional.

## I.     *Background Proceedings*

Diego Alvarez Mendoza[1] pled guilty to possession of marijuana.   His written plea included a waiver of his right to have the district court personally inform him of certain consequences of the plea, including "the [e]ffect of the plea on [his] status under federal immigration laws."   The district court accepted the guilty plea, ordered judgment to be deferred, and placed him on unsupervised probation for a term not exceeding one year.[2]

Later the same year, a federal immigration judge ordered Alvarez "removed from the United States to Mexico" based on his guilty plea to possession of marijuana and his placement on unsupervised probation.   The decision was affirmed by the Board of Immigration Appeals.

Alvarez filed a "petition for writ of habeas corpus, or in the alternative, petition for writ of coram nobis."[3]   He alleged he "was misadvised by his prior counsel regarding the immigration consequences of his guilty plea" and he was "ordered deported, based wholly on the quasi-conviction in question."   He further

---

[1] Appellate defense counsel refers to Diego Alvarez Mendoza as "Alvarez."  We will do the same.

[2] Alvarez was also adjudged guilty of public intoxication and was sentenced to a term of two days in jail; he was credited for two days previously served.

[3] "[T]he common law writ of error coram nobis is not recognized in Iowa."   *State v. Addison*, 95 N.W.2d 744, 747 (Iowa 1959) (citing *Boyd v. Smyth*, 205 N.W. 522, 523 (Iowa 1925)).  Alvarez does not appeal the district court's denial of the petition for writ of coram nobis.

alleged he could not raise the issue through a postconviction relief application because he received a deferred judgment and successfully discharged probation.

Following an evidentiary hearing, Alvarez filed an amended petition alleging additional grounds for relief. The district court allowed the amendment and denied relief. Alvarez moved for enlarged findings and conclusions. The court denied the motion. This appeal followed.

## II. Analysis

### A. Habeas Corpus Relief

There are three avenues for challenging a criminal conviction in Iowa: direct appeal, postconviction relief, and habeas corpus. *State v. Hernandez-Galarza*, 864 N.W.2d 122, 127 (Iowa 2015); *see* Iowa Code §§ 663.1 (2014) (habeas corpus), 814.6(1)(a) (direct appeal), 822.2 (postconviction relief).

Alvarez asserts, "Under current law, persons who receive deferred judgments and successfully complete probation have no remedies under any of these avenues." He is correct. *See id.* §§ 663.1 (allowing habeas corpus relief to individuals who are illegally restrained); 822.2 (allowing postconviction relief to certain persons who have been "convicted of . . . a public offense"); *Daughenbaugh v. State*, 805 N.W.2d 591, 598 (Iowa 2011) ("We conclude that a . . . guilty plea pursuant to a deferred judgment is not a conviction under Iowa's postconviction relief statute."); *see also Hernandez-Galarza*, 864 N.W.2d at 135-37 (holding (1) an individual is "no longer detained" or "restrained" in the habeas corpus sense where the individual is discharged from probation and the criminal records in relation to the underlying deferred judgment are expunged, and (2) collateral federal immigration consequences "are not alone sufficient to sustain a

writ of habeas corpus"). But the unavailability of relief under these circumstances makes sense.

> "Deferred judgment" means a sentencing option whereby both the adjudication of guilt and the imposition of a sentence are deferred by the court . . . . The court retains the power to pronounce judgment and impose sentence subject to the defendant's compliance with conditions set by the court as a requirement of the deferred judgment.

Iowa Code § 907.1(1). Deferral of adjudication inures to the benefit of a defendant. As the name suggests, the defendant could have no judgment entered. *See id.* § 907.3(1)(c) ("Upon fulfillment of the conditions of probation . . . the defendant shall be discharged without entry of judgment."). The defendant could be discharged from probation, in which case the person would "no longer be held to answer for the person's offense." *Id.* § 907.9(1), (4)(a). And the defendant's criminal record with respect to the deferred judgment could be expunged. *Id.* § 907.9(4)(b).

A defendant who consents to a deferred judgment balances these "obvious benefits in being granted a deferred judgment," with the relinquishment of "certain other rights, including the right of appeal." *McKeever v. Gerard*, 368 N.W.2d 116, 119 (Iowa 1985); *see* Iowa Code § 814.6(1)(a) (granting right of appeal from final judgments); *State v. Stessman*, 460 N.W.2d 461, 462 (Iowa 1990) ("An order deferring judgment is interlocutory and cannot meet the final judgment requirement imposed by section 814.6" and "[b]ecause a final judgment does not exist, [the] case is not appealable . . . as a matter of right."). This choice may appear harsh, but "[s]imilar hard choices are not uncommon in the criminal law field" and "[a] defendant who pleads guilty relinquishes several basic

constitutional rights." *McKeever*, 368 N.W.2d at 119 (first alteration in original) (quoting *State v. Anderson*, 246 N.W.2d 277, 279 (Iowa 1976)).

Alvarez had nothing to challenge. His judgment was deferred, he was discharged from probation, his record was expunged, and his liberty was not restrained by the State of Iowa. Under these circumstances, a postconviction application would have been unavailing. *Cf. Morales Diaz v. State*, 896 N.W.2d 723 (Iowa 2017) (addressing disposition of postconviction relief application filed by an applicant in federal custody who pled guilty to *and was convicted of* forgery and concluding his attorney was ineffective in failing to advise the applicant of the immigration consequences of his conviction). Alvarez also had no cognizable habeas corpus claim. *See Heranandez-Galarza*, 864 N.W.2d at 127, 136 (addressing the availability of habeas corpus relief to a defendant whose judgment was deferred and who had completed probation and holding the defendant did "not have a cognizable habeas claim" based on ineffective assistance of counsel"). Accordingly, he is without a vehicle to raise an ineffective-assistance-of-counsel claim. *See id a*t 127, 137 (concluding habeas corpus relief was not a "cognizable avenue . . . to challenge [a] deferred judgment based on ineffective assistance of counsel").

Faced with this inevitable conclusion, Alvarez argues "not allowing *any* avenue of habeas corpus relief for those who receive deferred judgments materially impairs the constitutional right to habeas corpus" under article I, section 13 of the Iowa Constitution. He asks this court to

> rule that Iowa Code chapter 822 and Iowa Code chapter 663 are unconstitutional to the extent they preclude an individual with a deferred judgment from seeking relief from a constitutionally invalid

judgment, because such a restriction would material[ly] impair an individual's constitutional right to effective assistance of counsel and habeas corpus.

Article I, section 13 of the Iowa Constitution provides, "The writ of habeas corpus shall not be suspended, or refused *when application is made as required by law . . . .*" (emphasis added). "The term 'required by law' ordinarily means required by statutory law." *Davis v. State*, 443 N.W.2d 707, 709 (Iowa 1989). "Thus, the framers of the constitution expressly provided general authority for legislative restriction on the exercise of the right of habeas corpus." *Id.*

The legislature imposed restrictions in the form of specific pleading requirements, including a required statement that the person "is restrained of the person's liberty." Iowa Code § 663.1(1). Alvarez did not and could not allege he was restrained of his liberty by the State of Iowa. His application was not made "as required by law," and his constitutional challenge is unavailing.

### B.    Equal Protection

Alvarez contends "the State violates equal protection when only certain classes of criminal defendants can seek postconviction or habeas relief." Where, as here, "the parties have not argued that our analysis under the Iowa Constitution should differ from our analysis under the Federal Constitution, we decline to apply divergent analyses." *Nguyen v. State*, 878 N.W.2d 744, 757 (Iowa 2016).

"The first step in [an] equal protection analysis . . . is to determine whether there is a distinction made between similarly situated individuals." *Id.* at 758. The principle "does not deny . . . the power to treat different classes of persons in different ways," it only "den[ies] . . . the power to legislate that different treatment

be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute." *State v. Wade*, 757 N.W.2d 618, 624 (Iowa 2008) (quoting *Reed v. Reed*, 404 U.S. 71, 75-76 (1971)). If there is no statutory distinction between similarly situated individuals, "courts do not further consider whether their different treatment under a statute is permitted under the equal protection clause." *Nguyen*, 878 N.W.2d at 758 (quoting *Varnum v. Brien*, 763 N.W.2d 862, 882 (Iowa 2009)).

The purposes of chapters 663 and 822 are well-established. The original purpose behind the allowance of habeas relief "was to 'seek the release of persons [unlawfully] held in actual, physical custody in prison or jail.'" *Hernandez-Galarza*, 864 N.W.2d at 127 (alteration in original) (citations omitted). Iowa Code chapter 663 codifies this objective. *See* Iowa Code § 663.1. The purpose of Iowa Code chapter 822 is to afford an avenue of relief for persons "convicted of, or sentenced for, a public offense and who" assert constitutional and other violations. *See id.* § 822.2.

Alvarez argues the statutes treat similarly situated individuals differently depending on (1) whether the individual received a deferred judgment, (2) the individual's probation status, (3) the advice the individual received from counsel, and (4) the individual's immigration status. These distinctions do not hold water.

Individuals who receive deferred judgments and are successfully discharged from probation are treated similarly under Iowa Code chapters 663 and 822. *See Hernandez-Galarza*, 864 N.W.2d at 134-37 (denying relief under Iowa Code chapter 663 to defendants who receive deferred judgments and are discharged from probation because their liberty is no longer restrained);

*Daughenbaugh*, 805 N.W.2d at 598-99 (denying postconviction relief to all defendants who receive deferred judgments). As for individuals who have not successfully completed probation versus those who have, Alvarez concedes the first class may be entitled to pursue an avenue of relief because they may be deemed in "constructive custody." *See Hernandez-Galarza*, 864 N.W.2d at 128. They, too, are not similarly situated. Turning to distinctions based on the advice of counsel and the individual's immigration status, those distinctions, do not implicate state action, a predicate to an equal-protection claim. *See King v. State*, 818 N.W.2d 1, 25 (Iowa 2012) ("[E]qual protection claims require 'state action.' Disparate treatment by someone other than the state (which the state, because of its inaction, failed to prevent) generally does not amount to an equal protection violation."); *accord* U.S. Const. amend. XIV, § 1 ("No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws."); Iowa Const. art. I, § 6 ("[T]he general assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms shall not equally belong to all citizens."). Alvarez's equal protection challenge fails.

### C.      *Postconviction and Habeas Relief Waiver*

Alvarez argues:

> Because a waiver of statutory and constitutional rights is inherent in a request for a deferred judgment, a defendant must be advised by counsel and on the record by the court that seeking a deferred judgment can waive an Iowan's right to postconviction relief pursuant to Iowa Code chapter 822, Iowa Code chapter 663, and article I, section 13 of the Iowa Constitution.

Alvarez's premise is flawed. As he concedes, it was possible for him to argue he was in "constructive custody" during his probationary period, which may have afforded him the habeas corpus avenue of relief during that period. *See Hernandez-Galarza*, 864 N.W.2d at 135 ("The district court entered its probation discharge order for Hernandez–Galarza on February 14, 2012. At the time he filed his petition on March 12, 2013, Hernandez–Galarza was no longer detained by or in constructive custody of the State of Iowa."). But even if the habeas corpus avenue of relief was foreclosed at the time Alvarez entered his plea, he has cited no authority for the proposition that the district court was obligated to inform him of this consequence. *Cf. State v. Woolsey*, 240 N.W.2d 651, 653 (Iowa 1976) (rejecting contention that district court should have informed a defendant of his ineligibility for a deferred judgment).

We affirm the district court's denial of Alvarez's amended habeas corpus petition.

**AFFIRMED.**