The CITY OF JANESVILLE,
Iowa, Plaintiff,

v.

Ralph F. McCARTNEY, Judge of the
District Court of Iowa in and for
Bremer County, Defendant.

No. 67433.

Supreme Court of Iowa.

Nov. 24, 1982.

Dale E. Goeke and Gary J. Boveia, Waverly, for plaintiff.

Considered by LeGRAND, P.J., and UHLENHOPP, HARRIS, McCORMICK, and McGIVERIN, JJ.

HARRIS, Justice.

We granted certiorari to review a district court ruling that nullified a city speeding ordinance and reversed two magistrate's convictions under the ordinance. We agree that the ordinance should not have been nullified and hence sustain the writ.

Janesville ordinance 2.1–2.0411 established a speed limit of 35 miles per hour along a stretch of Iowa Highway 218 which extends within the corporate limits. Signs were posted which informed the motorists of the limit. Two motorists were arrested on separate charges after traversing the highway at speeds of 48 miles per hour and 52 miles per hour. After the magistrate found them guilty both motorists appealed their convictions to district court. The cases were consolidated and, after a hearing, the district court set the convictions aside upon holding the ordinance invalid.

I. There is a threshold question of our jurisdiction to review. It is argued that the city cannot appeal as a matter of right under Iowa Code § 814.5(1) (1981) and did not meet the ten day (Iowa Code § 814.4 (1981)) deadline for seeking discretionary review under Iowa Code § 814.5(2).

Under Iowa R.Crim.P. 54, as it was written at the time in question, discretionary review was not available to the city. Iowa Code §§ 814.4 and 814.5(2) accord such a right to the state but not to the city. Iowa R.Crim.P. 54(7) has since been added and allows discretionary review to a plaintiff. We take "plaintiff" to mean either the

state or city, whichever is prosecuting. But the change became effective after the time material here. Because neither the rule nor the statutes then provided the city a manner of review, certiorari was available. *Curtis v. Bd. of Sup'rs of Clinton County,* 270 N.W.2d 447, 449 (Iowa 1978).

The city's right to review by way of certiorari is not limited to the ten days allowed for petitioning for discretionary review. Rather, the time limits for certiorari apply. The city here complied by filing its petition for certiorari 28 days after the district court judgment.

■ II. The district court found the 35 miles per hour local speeding ordinance invalid by concluding highway 218 in Janesville was a "suburban district," subject to a 45 mile per hour speed limit. A number of motor vehicle statutes are involved. The highway, at the point in question, is not in a business, residence or school district. Hence, under Iowa Code § 321.1(60) it is in a suburban district. Section 321.285(4) sets a 45 mile per hour limit for suburban districts.

The legislature has plainly provided for state, rather than local, dominance of traffic law:

The provisions of this chapter shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein and no local authority shall enact or enforce any rule or regulation in conflict with the provisions of this chapter unless expressly authorized herein. Local authorities may, however, adopt additional traffic regulations which are not in conflict with the provisions of this chapter.

Iowa Code § 321.235.

Local authorities are nevertheless given considerable authority in traffic matters. *See* Iowa Code § 321.236. Section 321.293 allows a city to set a higher speed limit than those established for the various districts (including suburban) by section 321.-285. The privilege, however, operates but one way; the city can raise the limit but not lower it.

When specific conditions at a given point call for it, § 321.290 provides for flexibility in setting limits at variance with those provided by section 321.285:

Whenever the department shall determine upon the basis of an engineering and traffic investigation that any speed limit hereinbefore set forth is greater or less than is reasonable or safe under the conditions found to exist at any intersection or other place or upon any part of the primary road system or upon any part of a primary road extension, said department shall determine and declare a reasonable and safe speed limit thereat which shall be effective when appropriate signs giving notice thereof are erected at such intersection or other place or part of the highway.

Whenever the council in any city shall determine upon the basis of an engineering and traffic investigation that any speed limit hereinbefore set forth is greater or less than is reasonable or safe under the conditions found to exist at any intersection or other place or upon any part of the city street system, *except primary road extensions,* said council shall determine and adopt by ordinance such higher or lower speed limit as it deems reasonable and safe thereat. Such speed limit shall be effective when proper and appropriate signs giving notice thereof are erected at such intersections or other place or part of the street.

Iowa Code § 321.290 (emphasis added).

The city cannot rely on the second paragraph of the section because the authority to vary the regular limits is withheld from cities when primary highways are involved. So the city relies on the first paragraph of § 321.290.

The district court found that the department (of transportation) made an investigation of highway 218 and, in accordance with the power given it in the first paragraph of the section, concluded that the speed limit at the point in question should be reduced from 45 to 35 miles per hour. Signs displaying the lower speed limit were set in place and according to § 321.290 the new

limit was thereafter in effect. In response to the department's investigation and reduction of the speed limit the city changed its ordinance to correspond with the new state limit.

The motorists were convicted of speeding under the city ordinance. But the showing of the investigation and compliance with the section was not made during the prosecution of the motorists before the magistrate. The district court stated that if the convictions had been based on state law (§§ 321.285, .290) rather than the ordinance the motorists would have had the burden of showing the department did not make an appropriate traffic engineering investigation. *See Iowa City v. Nolan,* 239 N.W.2d 102, 105–06 (Iowa 1976). We think the burden should have been similarly placed on the motorists upon their prosecution under the ordinance.

In *City of Mason City v. Public Employment Rel.,* 316 N.W.2d 851, 854 (Iowa 1982), we said:

We "look to the object to be accomplished, the evils and mischiefs sought to be remedied, or the purpose to be subserved, and place on it a reasonable or liberal construction which will best effect its purpose rather than one which will defeat it." *State v. Johnson,* 216 N.W.2d 335, 337 (Iowa 1974).

A sensible, logical construction is the goal in interpreting a statute. *Ida County Courier, Etc. v. Atty. Gen.,* 316 N.W.2d 846, 851 (Iowa 1982). The purpose of § 321.290 is to provide for uniformity in speed laws on primary roads and their extensions.

Under the second paragraph of the section the city is denied a means of establishing so-called "speed traps." The denial is only a part of the design of the section which aims at uniformity in traffic laws. Under the first paragraph uniformity is provided for in situations where specific conditions may call for a variation of the ordinary speed prescribed by statute. The whole section presupposes and fosters cooperation between municipal and state authorities. Local authorities are thereby encouraged to adopt by ordinance, as the city

properly did here, the special speed restrictions found to be appropriate by the department. This cooperative purpose would be frustrated, as a practical matter would be completely thwarted, if each prosecution under local speed ordinances could stand only if the prosecution proved the special findings by the department of transportation.

In the prosecutions before the magistrate in this case the city proved the existence of the local speed ordinance, the posting of signs, and the violation by each motorist. This was all the statutes require. Upon this showing it became incumbent upon the motorists to challenge the conformity of the ordinance with state law. There was no claim that the ordinance was not based on the required finding by the department under the first paragraph of § 321.290. In the absence of evidence to the contrary, there is a presumption of regularity in the acts of public officials. *See Anstey v. Iowa State Commerce Commission,* 292 N.W.2d 380, 390 (Iowa 1980); *Janson v. Fulton,* 162 N.W.2d 438, 442 (Iowa 1968). Because the motorists failed to make (and establish) this challenge the magistrate was right in finding them guilty. The district court erred in holding otherwise.

III. The department of transportation applied for and received permission to file an amicus curiae brief, Iowa R.App.P. 18, supporting the position of the city. A typewritten argument, it did not comply with Iowa R.App.P. 16(a) and cannot be regularly placed with the appendix and appellate brief.

We were not favored with an appellate brief by either motorist. Although one of them, Beardmore, is a practicing attorney the defendant judge was not represented before us. This failure is disappointing and has complicated our efforts, though it has not changed the outcome.

The district court's review of the traffic cases was de novo. Iowa R.Crim.P. 54(4); *City of Webster City v. Draheim,* 292 N.W.2d 406, 409 (Iowa 1980). Although we disagree, as previously explained, with the district court's legal conclusion the holding

nevertheless amounted to an acquittal. The motorists cannot be retried. *See* Iowa Code § 816.3(3) (1981).

WRIT SUSTAINED.