STATE of Iowa, Appellant,

v.

Marilyn S. DAVIS, Appellee.

STATE of Iowa, Appellant,

v.

James R. SAGERT, Appellee.

No. 91–1716.

Supreme Court of Iowa.

Dec. 23, 1992.

Bonnie J. Campbell, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Kasey Wadding, Asst. County Atty., for appellant.

Linda Del Gallo, Appellate Defender, and Ahmet S. Gonlubol, Asst. Appellate Defender, for appellee Sagert.

No appearance for appellee Davis.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

LAVORATO, Justice.

We granted the State's application for discretionary review in these two simple misdemeanor cases so we could answer the question whether Iowa's domestic abuse statute requires a mandatory minimum two-day jail term. We hold that it does when the sentencing court does not grant a deferred judgment or sentence. We vacate the sentences of fines only in both cases. We remand both cases for resentencing.

In separate actions in the fall of 1991, James Robert Sagert and Marilyn Suzette Davis were charged with first offense domestic abuse assault under Iowa Code sections 708.1 and 708.2A (1991). Each complaint arose from the defendants' alleged assaults on their respective spouses.

Each defendant pleaded guilty to the charge. At independent sentencing hearings, each magistrate imposed a sentence of a $100 fine and court costs. *See* Iowa Code § 903.1(1)(a).

In one document covering both cases, the State petitioned this court for a writ of certiorari or discretionary review. The State challenges the two sentences because the sentencing courts did not impose a minimum two-day jail term. We treated the document as a request for discretionary review in both cases and granted it.

■ I. Before proceeding to the merits we must first address the jurisdictional issue raised in Sagert's motion to dismiss filed here. He claims this court is without jurisdiction to hear this case because the State is attempting to appeal a simple misdemeanor conviction by bypassing the district court, in violation of the Iowa Rules of Criminal Procedure. Simply put, he argues that the State had to first appeal to the district court before seeking discretionary review in our court. For reasons that follow, we reject this argument.

In the case of a simple misdemeanor the State may only appeal "upon a finding of invalidity of an ordinance or statute." Iowa R.Crim.P. 54(1). If a judicial magistrate heard the case, the appeal is to be decided by a district court judge or an associate district court judge. Iowa R.Crim.P. 54(3). A party appealing from a magistrate's ruling "takes an appeal by giving notice orally to the magistrate at the time judgment is rendered that the party appeals or by delivering to the magistrate not later than ten days thereafter a written notice of appeal." Iowa R.Crim.P. 54(1). After the appeal is decided, "the defendant may apply for discretionary review pursuant to Iowa Code section 814.6(2)(d), and the plaintiff may apply for discretionary review pursuant to Iowa Code section 814.5(2)(d)." Iowa R.Crim.P. 54(7).

In this case seemingly none of the provisions of Iowa Rule of Criminal Procedure 54 apply because the magistrate had not found an ordinance or statute invalid. Nevertheless, Sagert thinks the State had to appeal to a district court judge or associate district court judge before taking discretionary review. He relies heavily on the opening sentence of Iowa Rule of Criminal Procedure 54(7): *"After the decision on appeal ... the plaintiff may apply for discretionary review."* Iowa R.Crim.P. 54(7) (emphasis added). He argues that the words "after the decision on appeal" signal a legislative intent that the appeal procedures under Rule 54 must be followed before the State may seek discretionary review.

Apart from this argument Sagert has a fallback position. At the very least, Sagert thinks the State should have sought a writ of certiorari from a district court judge and then proceeded to our court if no relief was forthcoming.

■ One of the primary criteria for issuance of such writs is that no other means of review is available. *Curtis v. Board of Supervisors,* 270 N.W.2d 447, 449 (Iowa 1978). And Iowa Rule of Civil Procedure 309 contemplates that a district court judge may issue writs of certiorari directed at a judicial magistrate. So Sagert's fallback position has some appeal.

Nevertheless, we think one answer to this jurisdictional issue lies in our constitutional powers to issue writs to, and exercise supervisory and administrative control over, other judicial tribunals. *See* Iowa Const. art. V, § 4, *amended by* Iowa Const. amend. 21, § 1. This constitutional provision provides that

[t]he supreme court ... shall have power to issue all writs and process necessary to secure justice to parties, and shall exercise a supervisory and administrative control over all inferior judicial tribunals throughout the state.

Iowa Rule of Criminal Procedure 54 and Iowa Rule of Civil Procedure 309 do not limit *our* article V constitutional power to grant discretionary review of decisions rendered by other judicial tribunals. We grant discretionary review here under our article V constitutional power because the uniform application of the statute in question is of statewide importance. If the statute calls for a mandatory minimum two-day jail term, the bench, the bar, and the public are entitled to know that now.

II. Iowa Code section 708.2A pertinently provides:

1. For the purposes of this chapter, "domestic abuse assault" means an assault, as defined in section 708.1, which is domestic abuse as defined in section 236.2.

2. On a first offense of domestic abuse assault, the person commits:

a. A simple misdemeanor for a domestic abuse assault, except as otherwise provided.

b. [A serious misdemeanor.]

c. [An aggravated misdemeanor.]

....

4. A person convicted of violating this section shall serve a minimum term of two days of the sentence imposed by law, and shall not be eligible for suspension of the minimum sentence. The minimum term shall be served on consecutive days. This section does not prohibit the court from sentencing and the defendant from serving the maximum term of confine-

ment or from paying the maximum fine permitted pursuant to chapters 902 and 903, and does not prohibit the court from entering a deferred judgment or sentence pursuant to section 907.3, if the defendant has not previously received a deferred sentence or judgment for a violation of section 708.2 or this section which was issued on a domestic abuse assault. However, once the defendant has received one deferred sentence or judgment involving a violation of section 708.2 or this section which was issued on a domestic abuse assault, the defendant shall not be eligible to receive another deferred sentence or judgment for a violation of this section.

Iowa Code § 708.2A (Supp.1991).

■ At first blush it seems abundantly clear that section 708.2A(4) requires a violator to serve at least two days in jail unless the sentencing court grants a one-time only deferred judgment or sentence. Sagert, however, thinks this section allows a sentencing court discretion to impose a fine without imposing a minimum two-day jail term in simple misdemeanor cases. He reaches this conclusion, in part, from the following language in section 708.2A(4):

> This section does not prohibit the court from sentencing and the defendant from serving the maximum term of confinement *or* from paying the maximum fine permitted pursuant to chapter[ ] ... 903.

(Emphasis added.)

Sagert argues that the legislature's use of the word "or" signals its intent that a sentencing court has discretion to impose the maximum jail term (30 days) or the maximum fine ($100) as provided in Iowa Code section 903.1(1)(a). Sagert further argues that section 708.2A(4) and section 903.1(1)(a) must be read and construed together because they involve the same subject matter. He points out that the imprisonment and fine in section 903.1(1)(a) are mutually exclusive sentencing options. In other words, a sentencing court may impose one or the other but not both. Sagert asserts that reading section 708.2A(4) as requiring a minimum two-day jail term would in effect be saying that a fine and a jail term are available in all misdemeanor domestic abuse assault cases. This, he says, would in effect be reading the words "and" or "or both" into sections 708.2A(4) and 903.1(1)(a), contrary to our statutory rules of construction. Therefore, he concludes, when the entire text of section 708.-2A(4) is read and construed in conjunction with section 903.1(1)(a), the sentencing courts here had discretion to impose either jail terms or fines but not both.

The State insists that the third sentence in section 708.2A(4), the language Sagert relies on,[1] must be read in conjunction with the first sentence.[2] The reasonable interpretation that results, the State says, is this: the two-day minimum jail requirement does not limit the sentencing court's authority to order the full jail term. In the State's view, the legislature wanted teeth in its domestic abuse law. The legislature accomplished this by providing both a mandatory minimum sentence and assurance that the existence of a mandatory minimum would not preclude the imposition of the maximum sentence possible. In short, the State says, the legislature obviously did not want the two-day jail term to become the standard sentence for all domestic abuse assaults. In the case of simple misdemeanors, this means the legislature wanted violators to spend at least two, with the possibility of up to the full thirty, days in jail.

We think the State has the better argument, and its argument is more consistent with what we think the legislature had in

---

1. "This section does not prohibit the court from sentencing and the defendant from serving the maximum term of confinement or from paying the maximum fine permitted pursuant to chapters 902 and 903, and does not prohibit the court from entering a deferred judgment or sentence pursuant to section 907.3, if the defendant has not previously received a deferred sentence or judgment for a violation of section 708.2 or this section which was issued on a

domestic abuse assault." Iowa Code § 708.-2A(4) (Supp.1991).

2. "A person convicted of violating this section shall serve a minimum term of two days of the sentence imposed by law, and shall not be eligible for suspension of the minimum sentence." Iowa Code § 708.2A(4) (Supp.1991).

mind. The legislature made it very clear that it meant the two days had to be served when it provided that violators "shall not be eligible for suspension of the minimum sentence." Iowa Code § 708.2A(4). Clearly, the legislature by this language has expressed its intent to eliminate sentencing options when it comes to the minimum two-day period of incarceration. *See State v. Chana*, 476 N.W.2d 38, 39 (Iowa 1991). Sagert's interpretation would render this language meaningless. In contrast, the State's interpretation gives the words meaning and substance.

In addition, language in Iowa Code section 903.1(1) supports the State's argument. Section 903.1(1) is the general sentencing statute for various misdemeanors. It provides for the discretion a sentencing court must exercise and the options available to it in imposing a sentence for persons convicted of such misdemeanors. We think section 903.1(1) excepts the minimum two-day jail sentence in section 708.2A(4) from the grant of discretion:

> [i]f a person ... is convicted of a simple or serious misdemeanor *and a specific penalty is not provided for ..., the court shall determine the sentence....*

Read together, these statutes—section 903.1(1) and section 708.2A(4)—direct the sentencing court to impose the specific two-day minimum jail term in section 708.2A(4). In *addition* to this specific penalty which *must* be imposed and *must* be served, the sentencing court has the discretion in cases of simple misdemeanors either to increase the jail term up to thirty days *or* to impose a fine up to a maximum of $100. Of course, if the sentencing court grants a one-time only deferred judgment or sentence, the mandatory minimum jail term is not imposed. *See* Iowa Code § 708.2A(4).

We agree with the State that the legislature's aim in imposing a mandatory minimum jail term was to deter domestic violence, a problem that has reached alarming proportions in this state. Given the overcrowding of jails, it is no surprise to us that sentencing courts have chosen to interpret section 708.2A(4) as giving them discretion not to impose the minimum sentence. However, regardless of whether sentencing courts agree with the wisdom of the law, they are bound to apply it. *See State v. Ohnmacht*, 342 N.W.2d 838, 842–43 (Iowa 1983) ("Despite personal beliefs or good intentions, a sentencing court is bound to impose the sentence prescribed by statute.").

Because the judicial magistrates were required to impose the mandatory minimum two-day jail term unless they granted one-time only deferred judgments or sentences, the sentences imposed are void. We vacate the sentences in both cases and remand them for resentencing consistent with this opinion. We do not mean to imply what the sentences ought to be except to state that mandatory minimum two-day jail terms must be imposed and served if deferred judgments or sentences are not granted.

VACATED AND REMANDED FOR RE-SENTENCING.