STATE of Iowa, Appellant,

v.

Waymond TENNY, Appellee.

STATE of Iowa, Appellant,

v.

Todd PHILLIPS, Appellee.

STATE of Iowa, Appellant,

v.

Steven Curtis FALLIS, Appellee.

No. 92–320.

Supreme Court of Iowa.

Dec. 23, 1992.

Bonnie J. Campbell, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., John Sarcone, County Atty., and Mark J. Sandon, Asst. County Atty., for appellant.

No appearance for appellees Tenny, Phillips, and Fallis.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN and SNELL, JJ.

LAVORATO, Justice.

Today we hold that with the exception of a one-time deferred judgment or sentence, Iowa's domestic abuse statute requires a mandatory minimum two-day jail term. *See* Iowa Code § 708.2A(4) (Supp.1991); *State v. Davis*, 493 N.W.2d 820, 824 (Iowa 1992). This holding disposes of the first issue raised in these consolidated cases that are now before us. The second issue is whether such statute—more specifically Iowa Code section 708.2A(6)—requires those convicted of domestic abuse assault to participate in a batterers' treatment program for domestic abuse offenders. We hold that it does. Because only fines were imposed and no participation in the batter-ers' treatment program was ordered in these cases, we vacate all three sentences and remand the cases for resentencing.

In February 1992 Waymond Tenny, Todd Phillips, and Steven Curtis Fallis pleaded guilty in separate proceedings under Iowa Code section 708.2A to domestic abuse assault. Although the cases were heard by different associate district court judges, the sentence imposed on each defendant was uniform: a fine and court costs. None of these defendants were sentenced to a jail term under Iowa Code section 708.-2A(4), nor ordered to participate in a batterers' treatment program under Iowa Code section 708.2A(6).

In one document covering all three cases, the State petitioned this court for discretionary review or for a writ of certiorari. The State challenges the three sentences on two grounds: failing to impose a mandatory minimum two-day jail term and failing to order the defendants to participate in a batterers' treatment program. We granted discretionary review.

We need not address the first challenge—failing to impose a mandatory minimum jail term—because our ruling in *State v. Davis*, 493 N.W.2d 820, 824 (Iowa 1992) is dispositive of it. Iowa Code section 708.-2A(4) requires such a sentence when no deferred judgment or sentence is granted. *Id.* We proceed to consider the second challenge: whether Iowa Code section 708.-2A(6) requires those convicted of domestic abuse assault to participate in a batterers' treatment program.

Iowa Code section 708.2A(6) became effective January 1, 1992. It provides that

> [i]n addition to the mandatory minimum term of confinement imposed by this section, *the court shall order the defendant to participate in a batterers' treatment program as required under section 708.2B.* In addition, as a condition of deferring judgment or sentence pursuant to section 907.3, *the court shall order the defendant to participate in a batterers' treatment program.*

Iowa Code § 708.2A(6) (emphasis added).

We think this statute is clear. It requires the sentencing court to order all defendants convicted of domestic abuse assault to participate in a batterers' treatment program. This is so whether such defendants pleaded guilty or were found guilty. It is also so whether such defendants are sentenced to the mandatory minimum two-day jail term or are given a one-time only deferred judgment or sentence.

Legislative history supports our interpretation. The bill as originally drafted provided that the court "may" order the defendant to participate in such a program. The bill as finally passed looked this way:

> 6. In addition to the mandatory minimum term of confinement imposed by this section, the court ~~may~~ *shall* order the defendant to participate in a batterers' treatment program as required under section 708.2B. ~~However~~ *In addition,* as a condition of deferring judgment or sentence pursuant to section 907.3, the court shall order the defendant to participate in a batterers' treatment program.

1991 Iowa Acts ch. 219, § 20.

The changes clearly show that the legislature originally meant the requirement to be at the discretion of the sentencing court, except when a deferred judgment was imposed. The two changes—replacing "may" with "shall" and replacing "However" with "In addition"—show the legislature reversed its thinking and decided that all domestic abuse violators *must* participate in the program. *See State v. Luckett,* 387 N.W.2d 298, 301 (Iowa 1986) ("shall" indicates mandatory intent unless the context indicates otherwise); Iowa Code § 4.1(36)(a) ("shall" in statute imposes duty).

In sum, the associate district court judges in these three cases had no choice but to impose the mandatory minimum two-day jail term because they had not granted deferred judgments or sentences. In addition, they had no choice but to require these defendants to participate in a batterers' treatment program. All three sentences are void because they lacked both requirements. For this reason we vacate the sentences and remand the cases for resentencing consistent with this opinion. We in no way intend to imply what the sentences ought to be except to state that mandatory minimum two-day jail terms must be imposed and served if deferred judgments or sentences are not granted. In addition, the sentencing courts must order the defendants to participate in a batterers' treatment program regardless of the sentences imposed and regardless of whether deferred judgments or sentences are granted.

VACATED AND REMANDED FOR RESENTENCING.