# IN THE SUPREME COURT OF IOWA

No. 134 / 06-0775

Filed January 11, 2008

**STATE OF IOWA,**

   Appellee,

vs.

**NATHANIAL PAUL McKINNEY,**

   Appellant.

---

Appeal from the Iowa District Court for Bremer County, James M. Drew, Judge.

A material witness, who was incarcerated for fifty-three days, requests review of the witness fee awarded to him by the district court. **WRIT ANNULLED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, and Kasey E. Wadding, County Attorney, for appellee.

**WIGGINS, Justice.**

In this appeal, Nathanial P. McKinney requests us to review the district court's order fixing his material witness fee at $40 for each day he was confined. Because we find the amount of McKinney's fee did not constitute involuntary servitude under the United States and Iowa Constitutions, and the district court did not abuse its discretion when it set the amount of the fee, we annul the writ of certiorari.

### I. Background Facts and Proceedings.

Pursuant to a warrant, the State arrested and confined McKinney as a material witness to the murder investigation of his father. The State asserted McKinney's confinement was necessary based on information that he was planning to leave Iowa, making him unavailable for service of a subpoena. The district court set a $150,000 cash-only bond. Despite McKinney's arguments that his bond was excessive, the court continued it.

The court confined McKinney as a material witness for fifty-three days before the court ordered his release. McKinney was not asked to testify during his confinement. He filed an application for material witness fees pursuant to Iowa Code section 815.6 (2005). He argued the court should award a fee equal to the current minimum wage rate for each hour he was confined. The court rejected McKinney's argument and granted him a $40 per day fee. McKinney filed a notice of appeal.

### II. Nature of Appellate Review.

The State alleges McKinney should have sought appeal through a petition for writ of certiorari. We agree.

Iowa Code section 814.6 grants criminal defendants the right to a direct appeal. Iowa Code § 814.6. The order granting McKinney fees is not an appealable order under section 814.6 because McKinney is not a

defendant. *See Bousman v. Iowa Dist. Ct.*, 630 N.W.2d 789, 793 (Iowa 2001) (holding the challenger could not bring a direct appeal under section 814.6 because he was a mere suspect and not a defendant "accused of or charged with a crime").

Section 815.6, the statute governing material witness fees, is in the code of criminal procedure; thus, the rules governing civil appeals do not govern McKinney's appeal either. *See* Iowa Code § 801.1 (providing chapter 815 is part of, and may be cited as, the "*Iowa Code of Criminal Procedure*"); *see also Bousman,* 630 N.W.2d at 793 (holding proceedings brought under section 801.1 are not civil in nature). However, McKinney is not left without a remedy just because his claim does not fall under the statutes or rules governing criminal or civil appeals. *Id.*

We have "constitutional powers to issue writs to, and exercise supervisory and administrative control over, other judicial tribunals." *State v. Davis*, 493 N.W.2d 820, 822 (Iowa 1992). Certiorari is "particularly appropriate 'where the lower court's jurisdiction or the legality of its acts is challenged exclusively on law or constitutional issues.' " *Bousman*, 630 N.W.2d at 794 (quoting *McKeever v. Gerard*, 368 N.W.2d 116, 119 (1985)). This court has found illegality to exist when the court's ruling lacks " 'substantial evidentiary support or when the court has not applied the proper rule of law.' " *Id.* (quoting *Allen v. Iowa Dist. Ct.*, 582 N.W.2d 506, 508 (Iowa 1998)). McKinney challenges both the legality and the constitutionality of the district court's fee award.

There are two functions to certiorari: (1) "the avoidance of unnecessary litigation"; and (2) "the provision of a method of review when no other means are available." *McKeever*, 368 N.W.2d at 118. McKinney is

not entitled to a direct appeal; therefore, a petition for writ of certiorari is his only opportunity for appellate review.

Although McKinney did not initially petition for certiorari, this court has the authority to treat an improperly filed appeal "as though the proper form of review had been sought." *Bousman*, 630 N.W.2d at 793. Accordingly, we will treat McKinney's notice of appeal as a petition for certiorari, grant the petition, and proceed to decide the merits of his appeal.

### III. Analysis.

The only issue McKinney raises on appeal is whether the district court erred by failing to grant his request for a witness fee equal to the statutory minimum wage rate. He argues the court's failure to do so violates the prohibitions against involuntary servitude in both the United States and Iowa Constitutions.

The statute providing fees for material witnesses states, "[p]ersons confined as material witnesses shall, for each day of confinement, receive such fees as are set by the district court." Iowa Code § 815.6. The prohibition against involuntary servitude in the Thirteenth Amendment to the United States Constitution provides, "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1. Iowa's constitution states, "[t]here shall be no slavery in this State; nor shall there be involuntary servitude, unless for the punishment of crime." Iowa Const. art. 1, § 23. Although the language of both constitutions is similar, interpretations of the Thirteenth Amendment are not binding on this court when a litigant asks us to determine the constitutionality of Iowa statutes challenged under our constitution. *See State v. Bower*, 725 N.W.2d 435,

441 (Iowa 2006) (discussing the same concept in a due process context). However, because McKinney has not given us any reason to interpret the federal and Iowa involuntary servitude prohibitions differently, our discussion of the Thirteenth Amendment is equally applicable to McKinney's Iowa constitutional claim.

One reason the American system of justice works so well is because laypersons participate in the process. Every person has a public duty to provide evidence regardless of the financial burden it may create. *Hurtado v. United States*, 410 U.S. 578, 589, 93 S. Ct. 1157, 1164, 35 L. Ed. 2d 508, 518 (1973). This principle applies even if the court is required to confine a witness under a material witness statute. *Id.* No matter how onerous the duty to testify may be, it is necessary to the administration of justice under our system of government as established by the Constitution. *Blair v. United States*, 250 U.S. 273, 281, 39 S. Ct. 468, 471, 63 L. Ed. 979, 983 (1919). The witness's personal sacrifice is one of the necessary contributions a person makes for the welfare of the public. *Id.*

The prohibition against involuntary servitude in the Thirteenth Amendment does not apply when an individual owes a public duty to provide evidence in a court of law. *Hurtado*, 410 U.S. at 589 n.11, 93 S. Ct. at 1164 n.11, 35 L. Ed. 2d at 519 n.11. Courts have upheld the constitutionality of a statute providing for insignificant material witness fees when the witness attacked the statute on involuntary servitude grounds. *See id.* (upholding a statute awarding a one dollar per day witness fee for a confined material witness). Compelling a person to perform his or her civic duty to testify in a court of law, even under threat of contempt or criminal sanctions, does not violate the prohibition against involuntary servitude. *United States v. Kozminski*, 487 U.S. 931, 943–44, 108 S. Ct. 2751, 2760,

101 L. Ed. 2d 788, 805 (1988). Accordingly, there is no merit to McKinney's claim that the payment he received from the State for being incarcerated as a material witness was so low as to constitute involuntary servitude under the United States and Iowa Constitutions.

At the time of McKinney's confinement, our legislature had enacted various fees to be paid to laypersons who participate in the judicial system. The legislature set jury fees at $10 per day for each day of service. Iowa Code § 607A.8. In addition to the jury fee, a juror is also entitled to be reimbursed for travel and parking expenses. *Id.*

The legislature set ordinary witness fees at $10 for each full day and $5 for each attendance less than a full day. *Id.* § 622.69. The legislature also requires an ordinary witness to be reimbursed for mileage. *Id.* Expert witnesses can receive up to $150 per day. *Id.* § 622.72.

The jury, ordinary witness, and expert witness fees set by the legislature, are not high enough to reflect a legislative intent to pay jurors or witnesses a wage for services rendered. Rather, the legislature enacted these fees to lessen the financial burden on jurors or witnesses called to fulfill their public duty.

Likewise, state legislatures have enacted fees for material witnesses to protect them from the extreme financial burden they may incur during confinement. Ronald L. Carlson & Mark S. Vogel, *Material Witness and Material Injustice*, 58 Wash. U. L.Q. 1, 24 (1980). When Iowa enacted the fee provision for confined material witnesses, the legislature did not set a fixed amount for the fee. Iowa Code § 815.6. The statute leaves the amount of the fee to the district court's discretion. *Id.* Just as the legislature did not intend the jury, ordinary witness, or expert witness fees to be a wage for services rendered, the legislature did not intend the material witness fee to

be a wage. Accordingly, the court must analyze the effect of confinement on the material witness's financial situation and then, in its discretion, set the fee. Therefore, on appeal we will only reverse a district court award of a material witness fee for an abuse of discretion.

We presume that a discretionary ruling by the trial court is correct. *Sheer Constr. v. W. Hodgman & Sons Inc.*, 326 N.W.2d 328, 334 (Iowa 1982). When a court exercises its discretion on grounds or for reasons clearly untenable or unreasonable, the court abuses its discretion. *In re J.A.L.*, 694 N.W.2d 748, 751 (Iowa 2005). Considering McKinney's financial situation, we cannot hold the district court abused its discretion when it awarded him a witness fee of $40 for each day he was confined.

**IV. Disposition.**

Because the amount of McKinney's fee did not constitute involuntary servitude under the United States and Iowa Constitutions, and the district court did not abuse its discretion when it set the amount of the fee, we annul the writ.

**WRIT ANNULLED.**