# IN THE SUPREME COURT OF IOWA

No. 30 / 06–1707

Filed September 5, 2008

**STATE OF IOWA**,

Appellee,

**BREMER COUNTY,**

Appellant,

vs.

**NATHANIAL PAUL McKINNEY**,

Appellee.

---

Appeal from the Iowa District Court for Bremer County, Paul W. Riffel, Judge.

Bremer County requests review of district court order requiring the county pay material witness fee. **WRIT SUSTAINED.**

Kasey Earl Wadding, County Attorney, for appellant.

Robert W. Thompson of Thompson Law Office, Reinbeck, for appellee McKinney.

**CADY, Justice.**

In this appeal, we must decide whether the State or a county is responsible for payment of a material-witness fee arising from a case filed by the county pursuant to its statutory charge to enforce the state criminal code. We consider the appeal of this case by the county as a petition for certiorari, grant the petition, and sustain the writ.

## I. Background Facts and Proceedings.

On February 3, 2006, Nathanial Paul McKinney was arrested and confined as a material witness to the death of his father. He was held as a material witness in the Bremer County jail for fifty-three days, until the district court ordered him held on separate charges unrelated to the suspected homicide.

Thereafter, the district court held a hearing to consider whether McKinney was entitled to a material-witness fee under Iowa Code section 815.6 (2005). The district court held McKinney was entitled to receive a material-witness fee and set the fee at $40 for each day he was held as a material witness. It ordered the State to pay McKinney $2120.

The State of Iowa failed to pay the fee, as did Bremer County. Consequently, McKinney filed an application with the district court for payment of the fee and interest. The hearing was not reported, but the parties filed a "statement of proceedings." The statement revealed the parties asked the court to decide which entity, the state or the county, was responsible for payment of the fee. The district court ordered the county to pay the material-witness fee, and the county appealed.

## II. Issues.

First, we must decide whether the county has the right to appeal the district court's ruling. Second, if the case is properly before us, we

must decide which governmental entity is responsible for paying the material-witness fee.

### III. Standard of Review.

To the extent we must decide which governmental entity is responsible to pay a material-witness fee, our task is to determine the proper meaning of the governing statutes. This is a legal question. As such, our review is for errors at law. *State v. Hippler*, 545 N.W.2d 568, 570 (Iowa 1996); Iowa R. App. P. 6.4. This is the same standard of review in certiorari actions. *City of Okoboji v. Iowa Dist. Ct.*, 744 N.W.2d 327, 330 (Iowa 2008). Review in certiorari actions is strictly limited to reviewing the jurisdiction of the lower tribunal and the legality of its actions. *State v. Cullison*, 227 N.W.2d 121, 126 (Iowa 1975).

### IV. Nature of Appellate Review.

In *State v. McKinney*, 743 N.W.2d 550, 552 (Iowa 2008) [*McKinney I*], we observed that Iowa Code section 801.1 makes chapter 815 a part of the Iowa Code of Criminal Procedure and that the rules governing civil appeals do not apply to questions of material-witness fees.[1] Iowa Code chapter 814 governs appeals from the district court in criminal cases. *See* Iowa Code §§ 814.1–.27. Under this chapter, an appeal is defined as "the right of both the defendant and the state to have specified action of the district court considered by an appellate court." Iowa Code § 814.1. Chapter 814 goes on to enumerate certain circumstances where the state and the defendant are entitled to appeal. However, the chapter does not

---

[1]Although neither McKinney nor the State challenges the county's right to appeal, the question is jurisdictional, so we address it as a preliminary matter. *See City of Janesville v. McCartney*, 326 N.W.2d 785, 785 (Iowa 1982) (addressing a similar question as "a threshold question of our jurisdiction to review"). The State has not filed a brief in this case, though both parties served their briefs on the State. McKinney's counsel, however, has argued the county is responsible for payment of the material-witness fee.

explicitly give the county a right to appeal in any case. *See City of Janesville v. McCartney*, 326 N.W.2d 785, 785 (Iowa 1982) (holding Iowa Code sections 814.4–.5 grant the state the right to appeal, but do not grant the same right to cities); *see also State v. Loye*, 670 N.W.2d 141, 147 (Iowa 2003) (holding the right to appeal is purely statutory). Consequently, the county is not entitled to appeal.

Notwithstanding, we possess " 'constitutional powers to issue writs to, and exercise supervisory and administrative control over, other judicial tribunals.' " *McKinney I*, 743 N.W.2d at 552 (quoting *State v. Davis*, 493 N.W.2d 820, 822 (Iowa 1992)). Thus, the county is not left without a remedy. Our rules of procedure provide for certiorari proceedings to originate at the appellate level in order to review the jurisdiction of lower tribunals and the legality of their actions. *Bousman v. Iowa Dist. Ct.*, 630 N.W.2d 789, 793–94 (Iowa 2001). Certiorari is especially appropriate if the legality of the lower court's acts is challenged exclusively on legal grounds. *Id.* at 794. Here, the county is essentially challenging the legality of the district court's order that it pay a material-witness fee to McKinney. The question is purely legal, so certiorari is appropriate.

"This court has the authority to treat an improperly filed appeal 'as though the proper form of review had been sought.' " *McKinney I*, 743 N.W.2d at 552 (quoting *Bousman*, 630 N.W.2d at 793); *accord* Iowa R. App. P. 6.304. Consequently, we consider the county's appeal as a petition for certiorari, grant the petition, and consider the writ.

### V. Material-Witness Fee.

The county challenges the district court's order that it pay McKinney's material-witness fee. While section 815.6 provides for a material-witness fee, the legislature did not specifically designate the

actual governmental entity responsible to pay the fee. Because section 815.6 is silent, we must engage in statutory construction to determine which entity the legislature intended to be responsible.

A long-standing principle of statutory construction requires statutes relating to the same subject matter to be considered in light of their common purposes and to be harmonized. *See State ex rel. Krupke v. Witkowski*, 256 N.W.2d 216, 219 (Iowa 1977); *State v. Prybil*, 211 N.W.2d 308, 311 (Iowa 1973) (in interpreting a statute, other pertinent statutes are to be considered). There are a number of Iowa Code sections that address material-witness fees, which enlighten our consideration of the entity responsible to pay the fee.

First, Iowa Code section 331.756 charges the county attorney with the responsibility to enforce state laws and to prosecute violations of those laws in the name of the state. The county was fulfilling this duty when it investigated and prosecuted the homicide of McKinney's father. Second, Iowa Code sections 602.1302–.1303—enacted as part of the 1983 reorganization of Iowa courts to establish a simplified and uniform system of funding[2]—demonstrate the legislature's intent for the state to fund the court system and to pay witness fees. Section 602.1302[3] provides:

> 1. Except as otherwise provided by sections 602.1303 and 602.1304 or other applicable law, the expenses of operating and maintaining the judicial branch shall be paid out of the general fund of the state from funds appropriated by the general assembly for the judicial branch. State funding shall be phased in as provided in section 602.11101.
>
> . . . .

---

[2]*See Gabrielson v. State*, 342 N.W.2d 867, 868–69 (Iowa 1984) (discussing the reorganization); 1983 Iowa Acts ch. 186.

[3]Section 602.1302 is entitled "state funding" and is found in the "budget and funding" part (part 3) of the Code chapter titled "judicial branch" (chapter 602).

3. A revolving fund is created in the state treasury for the payment of jury and witness fees . . . .

. . . .

4. The judicial branch shall reimburse counties for the costs of witness and mileage fees . . . .

Iowa Code § 602.1302. In turn, section 602.11101 provides:

The state shall assume responsibility for components of the court system according to the following schedule:

1. On October 1, 1983 the state shall assume the responsibility for . . . the costs of prosecution witness fees and mileage and other witness fees and mileage assessed against the prosecution in criminal actions prosecuted under state law as provided in sections 622.69 and 622.72.

Sections 622.69 and 622.72 mandate fees to lay and expert witnesses, respectively. Nothing in these enactments excludes material-witness fees from the terms "witness fees" or "other witness fees."

In contrast, Iowa Code section 602.1303 is entitled "local funding" and details the costs that cities and counties are required to bear. That section provides, in relevant part:

A county or city shall pay the costs of its depositions and transcripts in criminal actions prosecuted by that county or city and shall pay the court fees and costs provided by law in criminal actions prosecuted by that county or city under county or city ordinance. A county or city shall pay witness fees and mileage in trials of criminal action prosecuted by the county or city under county or city ordinance.

Iowa Code § 602.1303. These Code sections suggest the legislature intended for the State to pay the costs of those actions prosecuted under state law while cities and counties bear the costs for actions prosecuted under city and county law. Iowa Code section 815.13,[4] entitled "payment of prosecution costs," reinforces this concept, providing in relevant part:

---

[4]"This section was enacted as part of the overall reorganization of the court system wherein the state assumed financial responsibility from the counties for the costs of county clerk of court offices, indigent legal defense, and other aspects of

> The county or city shall pay witness fees and mileage in trials of criminal actions prosecuted by the county or city under county or city ordinance. These fees and costs are recoverable by the county or city from the defendant unless the defendant is found not guilty or the action is dismissed, in which case the state shall pay the witness fees and mileage in cases prosecuted under state law.

A third section of the Code also reveals the legislative scheme for counties to be responsible only for costs of prosecution under county ordinances. Section 331.506(2), part of the county home rule implementation, grants the county auditor power to issue warrants to pay witness fees "in trials of criminal action prosecuted under county ordinance," but does not further empower the auditor to pay witness fees in trials prosecuted under state law. Iowa Code § 331.506(2).

We believe the only way to harmonize the various Code sections is to conclude the legislature intended for the state to pay for material-witness fees, just as it would pay any other witness fee incurred in a prosecution under state law. McKinney was held pursuant to an investigation into the murder of his father. As such, the material-witness fees were incurred vindicating state law. *See* Iowa Code §§ 707.1–.11 (comprising chapter 707 and defining homicide and related crimes).

Finally, it is helpful to consider the purpose of detaining material witnesses. The purpose of the material-witness statute is to secure the presence of a witness at trial. *State v. Hernandez-Lopez*, 639 N.W.2d 226, 239 (Iowa 2002); *see also Barry v. United States ex rel. Cunningham*, 279 U.S. 597, 616–17, 49 S. Ct. 452, 456, 73 L. Ed. 867, 873 (1929) (considering the federal power to detain a material witness and determining a material witness may be confined "for the purpose of giving his testimony"). This process is a "vital" component of the system

---

financing the court system." *State v. Klindt*, 542 N.W.2d 553, 555 (Iowa 1996) (citing 1983 Iowa Acts ch. 186).

of criminal justice. *Hernandez-Lopez*, 639 N.W.2d at 236. Thus, the ability to detain a material witness is not merely a local law enforcement tool to investigate a crime, which might be most logically borne by the particular investigating agency. Instead, the material-witness statute serves the broader goals of our system of justice by ensuring each citizen meets his public duty to testify to knowledge of a crime. *Id.* As such, we conclude the legislature intended the State to be responsible for payment of the material-witness fee incurred in this case.

**VI. Conclusion.**

The district court acted illegally by ordering the county to pay the material-witness fee due McKinney. Although we recognize other issues remain—including whether McKinney is entitled to interest—those issues are outside the limited scope of a certiorari review.

**WRIT SUSTAINED.**

All justices concur except Baker, J., who takes no part.