# IN THE COURT OF APPEALS OF IOWA

No. 17-1816
Filed December 19, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GEORGE JAMES JACKSON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, James A. McGlynn (plea), James C. Ellefson (sentencing), and Adria Kester (nunc pro tunc order), Judges.

George Jackson appeals his guilty-plea convictions of three crimes and a post-judgment nunc pro tunc order. **CONVICTIONS AFFIRMED; NUNC PRO TUNC ORDER VACATED; AND REMANDED FOR ENTRY OF A CORRECTED SENTENCING ORDER.**

Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

George Jackson appeals his guilty-plea convictions of second-degree burglary, domestic-abuse assault, and stalking, contending the court erred in accepting his pleas because they were not made knowingly and voluntarily. Jackson acknowledges his claim was not preserved for our review, as he was advised of the requirement to file a motion in arrest of judgment to challenge the pleas for any reason but failed to do so.[1]  *See* Iowa R. Crim. P. 2.24(3)(a).  He alternatively claims his attorney was ineffective in failing to file a motion in arrest of judgment on voluntariness grounds because, during the plea proceedings, "[t]here were a number of breaks . . . and a number of times where [he] had to speak with his attorney before answering the court's questions."  Upon our de novo review, we find Jackson's pleas were entered knowingly and intelligently, and therefore voluntarily; consequently, we find counsel's failure to file a motion in arrest of judgment was neither a breach of an essential duty or prejudice resulting. *See State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018).

At the time of the oral pronouncement of Jackson's sentence for the domestic-abuse-assault conviction, the district court did not order him to participate in a batterers' treatment program as required by Iowa Code section 708.2A(10) (2017).  Nor was the requirement contained in the court's written sentencing order. Three months after Jackson filed his notice of appeal, the State electronically filed an application for a nunc pro tunc order noting the court "failed to include the requirement that the defendant complete the batterers' education program."  The

---

[1] Jackson did file a motion in arrest of judgment but subsequently withdrew the motion.

application was accompanied by a proposed order adding the requirement to Jackson's sentence, which the court approved within minutes. Jackson challenges the order as inconsistent with the oral sentence. The State argues we do not have jurisdiction to consider the propriety of its ex parte communication and the resulting order, which sought to modify the judgment and sentence which Jackson had already appealed.

We reject the jurisdiction argument, as the nunc pro tunc order was not a ruling on a collateral or independent matter, thus requiring Jackson to perfect a separate appeal as to such order. *See State v. Formaro*, 638 N.W.2d 720, 727 (Iowa 2002). Instead, it was an order purporting to "show now what was actually done then." *See Wirtanen v. Provin*, 293 N.W.2d 252, 255 (Iowa 1980) (quoting *McVay v. Kenneth E. Montz Implement Co.*, 287 N.W.2d 149, 150–51 (Iowa 1980)). Likewise, the nunc pro tunc order "amended" the sentencing order, from which Jackson had already perfected an appeal. "The function of a nunc pro tunc order is not to modify or correct a judgment but to make the record show truthfully what judgment was actually rendered—not to make an order now for then, but to enter now for then an order previously made." *Headley v. Headley*, 172 N.W.2d 104, 108 (Iowa 1969) (quoting *General Mills, Inc. v. Prall*, 56 N.W.2d 596, 600 (Iowa 1953)). The problem with the State's position is that what happened "then" was a sentence that failed to order the batterers' treatment program. That resulted in an illegal sentence, which the court may correct at any time. Iowa R. Crim. P. 2.24(5)(a); *Veal v. State*, 779 N.W.2d 63, 64 (Iowa 2010). A nunc pro tunc order can only be used to correct an order to show what really happened, not to correct a legal error or a mistake. Where, as here, the original sentence is illegal, the

proper procedure is to vacate the original sentence and enter a new one. *See State v. Suchanek*, 326 N.W.2d 263, 266 (Iowa 1982).

The district court's original sentence was an illegal one. As a matter of law, the nunc pro tunc order had no effect on the illegal sentence. We therefore vacate that portion of the sentence imposed by the nunc pro tunc order. Under the unique circumstances of this case—where Jackson's written guilty plea recited "I will also be required to complete the Iowa Domestic Abuse Education Program," at the plea hearing the prosecutor recited the same requirement when informing the court of the plea agreement, the plea-taking court informed Jackson of the batterers' treatment requirement, and the court had no discretion whether to order the statutorily mandated batterers' treatment program but failed to do so at the time of sentencing—we will not require the court to convene a new sentencing hearing. *See State v. Tenny*, 493 N.W.2d 824, 826 (Iowa 1992) (requiring sentencing courts "to order all defendants convicted of domestic abuse assault to participate in a batterers' treatment program"). Instead, we remand for entry of a corrected sentencing order, which adds the requirement that Jackson participate in a batterers' treatment program as part of his sentence for his conviction of domestic-abuse assault, and otherwise includes all provisions in the original sentencing order.

**CONVICTIONS AFFIRMED; NUNC PRO TUNC ORDER VACATED; AND REMANDED FOR ENTRY OF A CORRECTED SENTENCING ORDER.**